No. 20354.

JOSEPH CARPIO GOMEZ, ET AL., *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(395 P.2d 462)

Decided September 28, 1964.

508

Mr. FOREST E. CLARK, JR., for plaintiff in error Joseph Carpio Gomez.

Mr. ROLLIE R. ROGERS, for plaintiff in error Theodore Espinosa.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, Mr. JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

GOMEZ and Espinosa were jointly charged with burglary and conspiracy to commit the same. To these charges each pled not guilty and trial by jury ensued. At the outset of the trial, upon motion by the defendants, the trial court entered a so-called "exclusion order," directing that witnesses were to be excluded from the courtroom proper until such time as they were called to testify and "cautioning each and every witness not to discuss the case among themselves . . . until the trial has been completed [and] more specifically, once you have testified you are not to reveal the nature of your testimony to anyone until after the trial is over."

One of the People's witnesses, Police Officer McGinnis, testified that he and a fellow officer were directed to go

to a meat packing establishment known as the Farmer Pete Packing Company to investigate a possible burglary, the private burglary alarm system in that building having just been "set off." In view of the nature of the issue posed by this writ of error, it is unnecessary to relate Officer McGinnis' testimony in detail, it being sufficient to simply observe that the net effect thereof was to quite definitely "tie" Gomez and Espinosa into the burglary of the packing company's premises.

Upon cross-examination McGinnis admitted that a short time before he was called as a witness he had engaged in some limited conversation with a fellow officer who was also a witness for the People concerning the physical layout of the burglarized premises, this conversation taking place in the corridor just outside the courtroom. Upon being apprised of this fact the defendants moved to strike all of McGinnis' testimony or, in the alternative, moved for a mistrial on the ground that there had been a violation of the aforementioned exclusion order.

The trial court thereupon conducted an extensive inquiry to determine whether there had been any violation, intentional or otherwise, of its exclusion order. All parties concerned were interrogated at length by both court and counsel. At the conclusion of the hearing the trial court denied the motion for a mistrial and refused to strike McGinnis' testimony, commenting in connection therewith that no prejudice to either of the defendants had been shown, that the facts did not warrant citation for contempt, that certain witnesses were "on their way out of the courtroom when the admonition was given" and hence the exclusion order "conceivably could have been misunderstood."

The jury adjudged Gomez and Espinosa guilty of both burglary and conspiracy and each was thereafter sentenced to the State Penitentiary. By the present writ of error Gomez and Espinosa seek reversal of their conviction.

510

There is some suggestion by Gomez and Espinosa that the evidence is insufficient to support the verdict. However, in oral argument it was conceded that if McGinnis' testimony was not subject to a motion to strike, then the evidence against Gomez and Espinosa is legally sufficient to support the verdict of the jury. Hence, the issue to be first resolved is whether the trial court erred in refusing to strike the testimony of Officer McGinnis or, alternatively, declare a mistrial.

In *Cruz v. People,* 149 Colo. 187, 368 P.2d 774, where as here it was urged that the trial court erred in refusing to declare a mistrial because of an alleged violation of an exclusion order, we said:

" . . . . whether the exclusion rule is in the first instance to be invoked, and, if invoked, what constitutes a violation thereof, and even if it be determined that there was a violation, what penalty should be imposed, are all matters resting in the sound discretion of the trial court."

In the instant case we perceive no abuse of discretion. On the contrary, when it was suggested that there had been a violation of its exclusion order, the trial court proceeded to explore the entire matter in depth and under the circumstances disclosed by the instant record the trial court committed no error in concluding that McGinnis' testimony was not subject to a motion to strike and that there should be no mistrial.

The judgment is affirmed.

Mr. Justice Hall and Mr. Justice Day concur.