No. 25320

The People of the State of Colorado v. Raymond Romero

(511 P.2d 466)

Decided June 11, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant was convicted by a jury in the Denver district court of burglary in violation of C.R.S. 1963, 40-3-5. By this appeal he seeks to reverse the judgment of conviction. We find no reversible error and affirm.

The People's evidence showed that at about midnight on July 13, 1969, three teenagers were riding in a car in the vicinity of the Athmar Park Shopping Center in Denver. They observed a white pickup truck, with its lights out, cross Shoshone Street and continue west on the wrong side of the street. The boys followed the truck and found it parked at a U-Tote-M store in the shopping center. They then observed one of the occupants of the truck go to the store and pry open a sliding door. The other man immediately went inside and starting bringing out beer, cigarettes, and other commodities, which were then loaded onto the truck. At this time, one of the boys phoned the police and about fifteen minutes later Officers Vacca and Holt of the Denver police department arrived on the scene. They immediately arrested the defendant, who was loading the truck with the stolen commodities, and shortly thereafter they arrested the driver of the truck, who was inside the store.

Two of the boys and the two police officers testified and made in-court identifications of the defendant as one of the men who was loading the truck. Several items of merchandise taken from the store were introduced into evidence.

Defendant testified in his own behalf and stated that on the night in question he had been drinking heavily and was

"very, very drunk." He claimed that he did not recall any incidents of the burglary and that the next day, to his surprise, he discovered he was in jail, charged with burglary.

In rebuttal, Officer Vacca testified that on the night in question he observed defendant's physical condition over a period of approximately thirty to thirty-five minutes; that, although defendant had a strong odor of alcohol about him, he was capable of walking without assistance; and that when defendant was told he was under arrest he replied, "I am hep."

## I.

Defendant argues that the trial court erred in refusing to grant his motion for judgment of acquittal on the ground that there was insufficient evidence as a matter of law to support the jury's verdict. The basis for this argument is that defendant was drunk and therefore unable to form the specific intent necessary to commit the crime of burglary.

The issue of specific intent was clearly one for the jury to determine from all the evidence and reasonable inferences that could be drawn therefrom. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083; *Dolan v. People,* 168 Colo. 19, 449 P.2d 828. The jury was properly instructed on specific intent and also on the defendant's theory of the case — that he was too intoxicated to be able to form the necessary specific intent to steal, an element of the crime of burglary. Suffice it to say that the jury resolved this issue, as well as other issues involved in the case, on disputed evidence. There was sufficient competent evidence, if believed by the jury, to support its verdict and this Court will not sit as a thirteenth juror, re-weigh the evidence, and substitute its judgment for that of the jury. We find no merit to this contention.

## II.

Defendant next contends the trial court erred in refusing to grant his request for a mistrial based on the fact that Officers Vacca and Holt, who were in uniform and armed, were permitted to sit in the courtroom throughout the trial,

even though the court had invoked the rule of exclusion of witnesses.

The general rule regarding exclusion is stated in *Hampton v. People,* 171 Colo. 153, 465 P.2d 394, as follows: "Whether the exclusion is initially invoked, and if invoked, what constitutes a violation thereof, and even if it be determined that there was a violation, what penalty should be imposed or whether the offending witness should be allowed to testify, are all matters resting within the sound discretion of the court. *Cruz v. People,* 149 Colo. 187, 368 P.2d 774; *Gomez v. People,* 155 Colo. 507, 395 P.2d 462. * * *"

*See also, Jorgensen v. People,* 178 Colo. 8, 495 P.2d 1130. We find no abuse of the trial court's discretion in refusing to declare a mistrial.

The record reveals that the trial judge invoked the rule of exclusion of witnesses but allowed the district attorney to have one advisory witness, Officer Vacca, in the courtroom during the trial. As to Officer Holt, the record does not show he was present in the courtroom before he testified. The record does show that there was an agreement he could sit in the courtroom after he testified as long as he was not called as a rebuttal witness. Officer Holt remained in the courtroom after he testified and he did not testify in rebuttal. Officer Vacca, the advisory witness, did testify in rebuttal, without objection.

Furthermore, defendant did not object to Holt's presence in the courtroom until the district attorney privately instructed Holt to make inquiry of the police I.D. bureau concerning whether a witness had a felony record. Officer Holt reported to the district attorney in the negative. We see no prejudice arising from this communication between Holt and the district attorney, and none has been demonstrated.

Likewise, we see no prejudicial error arising from the presence in the courtroom of Officers Vacca and Holt, who were armed and uniformed. No objection on this basis was made to the court during the trial. While the practice of

overguarding a defendant by armed officers may tend to create a prejudice against him in the eyes of the jury, there was no suggestion of such an occurrence in the present case.

The court did not abuse its discretion in overruling defendant's motion for a new trial in this particular. *Moore v. People,* 174 Colo. 286, 473 P.2d 1340.

### III.

■ Finally, the defendant contends that the trial court improperly instructed the jury by placing three instructions on one sheet of paper. These instructions related to the burden of proof, the presumption of innocence, and reasonable doubt. Defendant contends the jury was thereby confused. No contention is made that the instructions did not properly set forth the law. Defendant has totally failed to suggest how these three instructions, if given on three separate sheets of paper, would have resulted in greater clarity, nor does he explain how the placing of the instructions on one sheet of paper would confuse the jury. We find this claim of error to be totally without merit.

The judgment is affirmed.