No. 25790

The People of the State of Colorado v. Eddie Leonard Burley
(523 P.2d 981)

Decided June 17, 1974.          Rehearing denied July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Sara Duncan, Special Assistant, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Brenman; Sobol & Baum, Leo T. Zuckerman, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

In the district court the defendant was convicted of possession of more than one-half ounce of marijuana under C.R.S. 1963, 48-5-2. We affirm.

At approximately 5:00 p.m. on December 12, 1971, Denver police officers Jeffries and Alverson stopped the defendant's car because of a defective brake light and insufficient license plate illumination. As the defendant changed lanes and pulled his car over to the curb, both officers observed the defendant lean forward and apparently

reach for something under the front seat of his car. Even after the defendant had stopped his car, the officers watched the defendant continue to reach beneath the seat. The two officers approached the defendant's car, one on each side. As the defendant was getting out of his car to talk with officer Alverson, officer Jeffries opened the passenger door and, searching for a possible weapon, shone a flashlight on the floor of the car where the defendant appeared to have been reaching. Jeffries testified that he feared defendant had a weapon. The officer saw and seized a brown, partially opened bag protruding from beneath the driver's seat. This bag contained nine plastic-wrapped packages of marijuana. At this point the officers placed the defendant under arrest.

## I.

The defendant first argues that his car was searched illegally and that the trial court therefore erred in denying his motion to suppress the introduction of the marijuana in evidence.

■ We have noted on numerous occasions that each search and seizure case must be tested on its own particular facts, *Cowdin v. People,* 176 Colo. 466, 491 P.2d 569 (1971), and that the test is always whether the search was reasonable under the circumstances. *People v. Gurule,* 172 Colo. 159, 471 P.2d 413 (1970).

■ In determining the reasonableness of a search in the situation where ˙ ɩe search is not full blown but is rather just a protective search for weapons, the inquiry is a dual one: (1) was the officer's action justified at its inception, and (2) was the search reasonably related in scope to the circumstances which justified the interference in the first place? *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ Concerning the first question, the initial action of the officers was justified under the circumstances of this case. The defendant contends that, since he was emerging from the car when the officer on the passenger side used the flashlight, the officer could not have been searching for a weapon. This does not justify a reversal of the trial court's acceptance of the officer's stated purpose of looking for a weapon.

Concerning the second question, that is, the scope of the search, the officer who conducted the search testified that he initially scanned only that portion of the floor of the defendant's car where the defendant appeared to have been reaching. Thus, we do not have a case of a general exploratory search but rather one in which the scope of the search was reasonably related to the officers' fear that the defendant might have a weapon concealed beneath the car seat. This was not unreasonable.

"So long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose." *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

## II.

Direct testimony of officer Jeffries had been completed when officer Alverson arrived at the courtroom. At this juncture defense counsel requested that officer Alverson be excluded from the courtroom. The trial court denied the motion on the basis that it was not timely made. Officer Jeffries was then cross-examined in the presence of officer Alverson. The defendant argues that the trial court erred in refusing to exclude officer Alverson.

We have consistently adhered to the rule that the exclusion of witnesses from the courtroom is a matter resting within the sound discretion of the trial court. *People v. Romero,* 182 Colo. 50, 511 P.2d 466 (1973); *Jorgensen v. People,* 178 Colo. 8, 495 P.2d 1130 (1972); *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970). The record discloses that officer Jeffries added nothing material under cross-examination to what he had already stated during direct examination. Similarly, the testimony of the non-excluded witness, officer Alverson, added nothing of substance to what officer Jeffries had testified on direct examination. Under these circumstances there was no abuse of discretion in failing to exclude officer Alverson.

Judgment affirmed.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE ERICKSON concurring in the result with the limitations hereinafter set forth:

I concur in the result reached by the majority. However, I feel it is necessary to clarify why, in my opinion, the police officers were justified in conducting a limited search for weapons under the facts of this case.

The testimony of the police officers at the trial revealed facts which, when viewed objectively, would cause a man of reasonable caution to believe that the defendant might be armed and dangerous. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At the time the search was initiated, the defendant was close enough to the location of the suspected weapon to enable him to gain control over the weapon. As a result, the possibility of harm to the officers was present. *See Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The reasonable apprehension of danger or injury to the police officers — judged by objective standards — provides a sufficient basis for this search to fall within the search for weapons exception to the Fourth Amendment's warrant requirement. *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 906 (1973); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). Moreover, since the danger to the police officers was still present at the time the search was initiated, the immediate search for weapons was reasonable under the circumstances.

Accordingly, I concur in the result.