541 P.2d 128 (1975)
Sherry B. HOLLINGER, now by marriage, Sherry Govett, Plaintiff-Appellant and Cross-Appellee,
v.
The MUTUAL BENEFIT LIFE INSURANCE COMPANY, a New Jersey Corporation, Defendant-Appellee and Cross-Appellant.
No. 75-014.
Colorado Court of Appeals, Div. II.
July 29, 1975.
Rehearing Denied August 26, 1975.
Certiorari Denied October 27, 1975.
Certiorari Granted.
Cole, Hecox, Tolley, Edwards & Hero, Lawrence A. Hecox, Colorado Springs, for plaintiff-appellant and cross-appellee.
Asher, Kraemer & Kendall, Sandy F. Kraemer, Colorado Springs, for defendant-appellee and cross-appellant.
Selected for Official Publication.
RULAND, Judge.
Plaintiff, Sherry Hollinger, as beneficiary, initiated this action to recover the proceeds under a life insurance policy issued by defendant, Mutual Benefit Life Insurance Co., to her deceased husband. Mutual refused payment on the grounds, inter alia, that false and incomplete answers had been provided by decedent on the insurance application. After a jury verdict for plaintiff, the trial court granted Mutual's motion for judgment notwithstanding the verdict. Plaintiff appeals the judgment for Mutual. In its cross-appeal, Mutual urges that if the judgment is reversed, a new trial should be granted. We affirm the judgment.
The facts material to this appeal are not disputed. Decedent wa a military academy graduate and subsequent to his service in the armed forces, he was engaged for a time as a salesman for IBM Corporation in Chicago. Beginning in August 1971, decedent was employed as a trainee life insurance salesman by Mutual in Colorado *129 Springs, and the policy at issue here was purchased in connection with this employment on November 10, 1971.
Insofar as material, the following questions were included in the application for insurance:
"4. For what have you consulted, or been attended by, a physician, surgeon, psychiatrist, or other practitioner during the past 7 years?
. . . . . .
"15. Have you ever had or been told that you had or received treatment for. . .
e) frequent headaches, paralysis, dizzy spells, loss of consciousness, epilepsy, nervous breakdown, or mental disorder?
In answering these questions, the application form required the insured to provide detailed information, including the name of the attending physician, for each instance listed.
The answer to question 4 on decedent's application reflected only that he had been treated for acute viral influenza. The answer to number 15(e) was negative.
The application contained the following statement above decedent's signature:
"The undersigned represents that the foregoing statements are true and complete, and that every occasion and instance as to each item answered `yes' has been disclosed."
The answers to the above-quoted questions were written on decedent's application by Mutual's examining physician on the basis of a medical history obtained from decedent and prior to decedent's signing the application. This doctor testified that although he might sometimes omit from an application information given him by an applicant, including information relating to marital and job problems, if an applicant indicated that he had consulted a psychiatrist, for whatever reason, he would always include that information on the application.
While living in Chicago and over a period of approximately two months in the spring and summer of 1971, decedent consulted a psychiatrist. The psychiatrist testified that the decedent first consulted him after an apparent suicide attempt, that he had seen decedent on 11 occasions, and that decedent was suffering from "anxiety-depression." According to the psychiatrist, decedent was advised of the diagnosis, and the psychiatrist recommended that decedent seek further treatment when he moved to Colorado Springs. Decedent's last visit to the psychiatrist occurredless than four months before he signed the application for life insurance.
Mutual's medical director testified that if decedent's application had indicated his psychiatric consultation, or affirmative answers to question 15(e), the insurance policy would not have been issued without further inquiry. Also, if the medical information revealed in the psychiatrist's testimony had been available to Mutual, the policy would not have been issued.
In the course of the trial, Mutual made timely motions for a directed verdict asserting that the evidence clearly established fraud by the decedent in answering various questions on the application.
Following denial of Mutual's motion, and relative to Mutual's defense of fraud, the trial court instructed the jury, inter alia, on the elements of fraud as they are delineated in Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, including the requirement that the jury must find not only that decedent knowingly provided false information on the application, but also that he did so with the intent to deceive Mutual. The jury found for plaintiff.
In granting Mutual's motion for judgment notwithstanding the verdict, the trial court concluded that the rule of law announced in Germania Life Insurance Co. v. Klein, 25 Colo.App. 326, 137 P. 73, was applicable to the facts of this case and that, therefore, it was not necessary for Mutual to establish an intent to deceive. Since it was not disputed that decedent possessed the ability to understand and the knowledge to answer correctly the questions concerning *130 his psychiatric consultations, that the answers were incomplete and false, and that accurate answers to these questions were material to the issuance of the policy, the court concluded that judgment should enter for Mutual. In reaching this conclusion, the trial court determined that the holding of this court in Gomogda v. Prudential Insurance Co., 31 Colo.App. 154, 501 P.2d 756, was not controlling here.
Plaintiff contends that the trial court's ruling was erroneous, asserting that Gomogda modified the rule in Germania to require that in every case where the applicant has made false statements material to the risk, the insurer must prove an intent to deceive. We disagree. Gomogda merely clarified the rule in Germania.
In Gomogda the insurer sought to avoid the policy because the insured failed to disclose incidents of dizziness and chest pains. However, the insured had listed the names of all physicians by whom he had been treated and disclosed treatment for an ulcer, which the attending physician had diagnosed when the insured complained of chest pains. This court discussed two lines of cases dealing with avoidance of insurance policies where the applicant had made material, false statements in an application for insurance and concluded:
"[I]n Colorado, an insurance policy cannot be avoided on the basis of false statements or declarations of an applicant, unless such statements or declarations are material to the risk or form the basis on which the policy is issued, and unless they are made with knowledge on the part of the applicant of matters which make them false or misleading." (emphasis supplied)
In that case, since the insured did not knowingly withhold material information, we upheld the trial court's finding that there was no intent to deceive on the part of the insured. However, Gomogda does not operate to alter the Germania rule that where the evidence conclusively shows that the applicant has knowingly made false statements material to the risk undertaken by the insurer, the insurance policy can be avoided.
In the case at bar, plaintiff does not contend that decedent was unaware that he had recently consulted a psychiatrist. It is also not disputed that the information withheld by decedent was material to the insurance risk. Further, plaintiff's contention that decedent may have attached no significance to his psychiatric consultations is immaterial. See, e. g., Capitol Life Insurance Co. v. Thurnau, 130 Colo. 345, 275 P.2d 940. Hence, we agree with the trial court that the jury should not have been instructed relative to decedent's intent to deceive Mutual, and the trial court was correct in granting Mutual's motion.
By reason of the foregoing, we need not discuss plaintiff's other contentions nor the cross-appeal of Mutual.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.