## No. 26359

### The People of the State of Colorado v. Larry Dean Watkins

(553 P.2d 819)

Decided August 23, 1976.                    Rehearing denied September 20, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Lynne M. Ford, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, Eugene Beville, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This case involves several legal issues surrounding the unique problem of the in-court identification of a defendant whose twin was present at the scene of the alleged crime and the arrest. Defendant was subsequently convicted for dispensing a dangerous drug. 1969 Perm. Supp., C.R.S. 1963, 48-8-2. We affirm.

On October 23, 1973, the jury was impanelled and sworn for defendant's trial. The court ordered that the witnesses be sequestered and that they be instructed not to discuss the case with each other. Prior to the taking of evidence, the court learned that the defendant had a twin brother. Thereupon, the court conducted an *in camera* hearing in order to determine whether the defendant could be identified.

The People and the defendant agreed to the identification procedure. The defendant and his twin were to be placed together in the judge's chambers. Then Agent Rusick, the arresting officer, was to be called in to identify the defendant. If he failed to identify the defendant, Agent Suazo, who assisted in the arrest, would be called to testify on the identity issue. If neither agent could identify the defendant, the charges were to be dropped.

Agent Rusick was then called to testify. He correctly identified the defendant as the person he arrested. Consequently, Agent Suazo was not asked to identify the defendant in chambers.

The trial then proceeded, and the defendant was identified in open court by Agents Rusick and Suazo. At the close of all the evidence, defendant moved for a judgment of acquittal on the grounds that the *in camera* identification by Rusick of defendant was tainted. Specifically, the defense counsel alleged that the district attorney had told him the previous evening over drinks at a local tavern that Agent Rusick was encouraged by the district attorney *prior* to the *in camera* identification hearing definitely to identify one of the twins as the seller. In the event the agent had difficulty in selecting one of the twins, the district attorney allegedly told him to choose the twin who failed to look the agent directly in the eye. Defense counsel charged that the discussion between Rusick and the district attorney took place after the sequestration order but *before* the *in camera* identification, and in the presence of other witnesses.

Prior to charging the jury, the trial court conducted a full hearing on the "taint" charges. The defendant's motion of acquittal was denied, the court finding that the factual basis of defense counsel's charges were not substantiated. The court concluded that the *in camera* identification hearing was conducted fairly, that it was not tainted, and that there was sufficient evidence regarding defendant's identity to take the case to the jury.

## I.

Defendant first contends that the in-court identification should have been suppressed or stricken because: (A) the *in camera* identification hearing was tainted so as to deny defendant due process of law, and (B) the district attorney violated the court sequestration order.

### A. *Due Process of Law*

■ After an extended hearing, the court made written findings of fact and conclusions of law on the "taint" charges. It found that Agent Rusick and the district attorney had not collaborated regarding the *in camera* identification hearing. The court found that they discussed the matter *after* the *in camera* identification was made and that the district attorney did not accurately portray to defense counsel the sequence of events surrounding his discussion with Agent Rusick about the *in camera* identification.

### B. *Sequestration Order*

■ Even though the district attorney conferred with Agent Rusick *after* the *in camera* identification, defendant contended at trial that a judgment of acquittal should be entered because the district attorney disobeyed the sequestration order.[1]

---

[1]Defendant contends for the first time on appeal that the testimony should have been stricken. As this relief was not requested at trial, we will not consider it for the first time on appeal. Rather, we will examine his legal argument regarding the violation of the sequestration order in light of the relief requested at trial — a judgment of acquittal.

■ Although the trial court stated that if counsel had privately conferred with the witness there would not have been a violation of the sequestration order, the court agreed with the defendant that the district attorney violated the sequestration order by conferring with Agent Rusick *in the presence of other witnesses.* Nevertheless, the trial court denied the motion for judgment of acquittal because it found that the violation did not prejudice the defendant.

This court has repeatedly held that the entire matter of regulating the exclusion of witnesses from trial proceedings is within the sound discretion of the trial judge.

"Whether the exclusion is initially invoked, and if invoked, what constitutes a violation thereof, and even if it be determined that there was a violation, what penalty should be imposed or whether the offending witness should be allowed to testify, are all matters resting within the sound discretion of the court." *People v. Romero,* 182 Colo. 50, 511 P.2d 466 (1973); *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970); *Gomez v. People,* 155 Colo. 507, 395 P.2d 462 (1964); *Cruz v. People,* 149 Colo. 187, 368 P.2d 774 (1962).

Under the circumstances of this case, we agree with the trial court's finding that the violation of the sequestration order did not prejudice the defendant. Therefore, we hold that the trial judge did not abuse his discretion by refusing to enter a judgment of acquittal.

II.

Defendant also contends that his motion for judgment of acquittal should have been granted because the evidence failed to prove beyond a reasonable doubt that he was the seller of the dangerous drug. The basis of this insufficiency of the evidence contention rests upon the fact that the prosecution witnesses allegedly had difficulty identifying defendant at trial because he has a twin brother who was present at the time of the alleged sale and arrest.

■ It is not essential that an identifying witness be totally free from doubt as to the correctness of his opinion nor that he be able to identify the accused positively. Rather, the uncertainty of the identification goes to the weight of the testimony rather than to its admissibility. *Duran v. People,* 162 Colo. 419, 427 P.2d 318 (1967); *Bustos v. People,* 158 Colo. 451, 408 P.2d 64 (1965); *Bingham v. People,* 157 Colo. 92, 401 P.2d 255 (1965); *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427 (1962).

■ Of course, the identity of the defendant as the perpetrator of the crime charged is an element of the crime which must be proven beyond a reasonable doubt. *Ortega v. People,* 161 Colo. 463, 423 P.2d 21 (1967). Where there is competent evidence to support the verdict of the jury, the weight of the evidence and the credibility of witnesses are within the exclusive province of the jury. *Johnson v. People,* 171 Colo. 505, 468 P.2d 745 (1970); *Duran v. People, supra.*

■ In the present case, two witnesses identified the defendant in open court. Agent Rusick was called as a prosecution witness. He testified that he arrested the defendant on the night of the sale after spending approximately thirty to forty minutes with him. He was cross-examined by the defense regarding certain aspects of the identification, including the events surrounding the evening of the arrest. Agent Rusick was later called as a hostile defense witness and was examined about the identification. Agent Suazo, who was present with Rusick at the arrest, was also called as a defense witness and identified the defendant.

As stated earlier, whether the jury chose to believe Rusick and Suazo, and how much weight they accorded their testimony, was a matter solely within the province of the jury. Their identification testimony was sufficient evidence linking defendant with the crime charged to sustain the jury's verdict. *Barr v. People*, 30 Colo. 522, 71 P. 392 (1903).

The judgment is affirmed.

MR. JUSTICE ERICKSON dissents.