## No. 27129

## The People of the State of Colorado v. Joseph Perez

(561 P.2d 7)

Decided March 14, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for plaintiff-appellee.

James A. Carleo, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant Joseph Perez challenges the judgment of the Pueblo County district court enjoining the operation of his business as a public

nuisance. We affirm the judgment.

On March 5, 1975, the district attorney filed a complaint and petition, supported by an affidavit, for an injunction against the Golden Touch Bath and Massage Parlor as a class 1 public nuisance. Section 16-13-301 *et seq.*,C.R.S. 1973. That same day, the district court issued a temporary restraining order against further operations of that establishment. Pursuant to section 16-13-308(1), appellant requested a hearing to determine whether the temporary restraining order should be continued pending final disposition of the matter.

At the hearing on March 13, 1975, the court denied appellant's motion for sequestration of witnesses. The district attorney then presented seven witnesses. Four police officers testified that they had investigated appellant's massage parlor between August 30, 1972, and February 28, 1975. They recounted several occasions on which female employees of the business had offered to perform a variety of sexual acts for money, resulting in numerous arrests. After one such arrest, one employee described her occupation to the police as prostitution. Another employee asserted that she performed six to eight sex acts for hire each week.

The officers and a local newspaper reporter testified that appellant's business had a reputation in the community as a house of prostitution. The reporter produced ten newspaper articles, dated September 1, 1972, to March 10, 1975, describing the massage parlor's involvement in sex-related offenses.

Appellant testified that he became owner-manager of the Golden Touch Bath and Massage Parlor on February 1, 1975, although he came to Pueblo in October 1974. He admitted knowledge of prior police "harassment" of the business but denied knowing of illegal activities. He testified that he made $250 to $500 per day from the business.

At the close of this evidence, the court found that appellant's business was used as a place of prostitution and that "there is a continuing pattern of engaging in prostitution on these premises." Accordingly, the court continued the temporary restraining order.

On June 4, 1975, a hearing was held on the district attorney's application for a permanent injunction. The district attorney incorporated the testimony at the prior hearing and rested. Appellant described the economic hardship he was suffering as a result of the restraining order, losing approximately two thousand dollars per week income.

The court found that appellant's business "has been and was continuously being used as a place of prostitution" and that appellant "was fully aware of what the premises were being used for." The court entered a permanent injunction against operation of the massage parlor and ordered that the fixtures and contents be confiscated and sold.

Appellant contends: (1) the district court abused its discretion in denying appellant's sequestration motion; (2) the evidence failed to establish

the existence of a public nuisance; (3) the evidence failed to show that appellant knew or should have known of the illegal activities; (4) the public nuisance statute is unconstitutionally vague; (5) the action should have been barred by laches; and (6) the court erred in ordering the sale of appellant's property.

## I.

The grant or denial of a sequestration motion lies in the trial court's discretion and, absent a showing of prejudice, will not require reversal. *People v. Watkins*, 191 Colo. 440, 553 P.2d 819; *People v. Burley*, 185 Colo. 224, 523 P.2d 981. Appellant's bare allegations of prejudice have not demonstrated any abuse of discretion in this case.

## II.

Section 16-13-303(1), C.R.S. 1973, provides in pertinent part:
"Every building or part of a building including the ground upon which it is situated and all fixtures and contents thereof shall be deemed a class 1 public nuisance when:
"(a) Used as a public or private place of prostitution."
Although this statute does not require any number of incidents of prostitution before a public nuisance may be found, appellant argues that the evidence here failed to show such a continuous course of conduct as to constitute a public nuisance.

Without endorsing appellant's contention that a public nuisance requires such continual conduct,[1] we hold that there is ample evidence in the record to support the court's finding that appellant's business "was continuously being used as a place of prostitution." In addition to the arrests and convictions of massage parlor employees, the evidence of the employees' offers to perform sexual acts for money, the reputation of the establishment, and the statements of two employees all support the court's finding. *Edelweiss v. People*, 154 Colo. 154, 389 P.2d 189.

## III.

Next, appellant contends that the evidence failed to show that he knew or should have known of the illegal activities on his premises, as required by *Edelweiss v. People, supra*, and *Gregg v. The People*, 65 Colo. 390, 176 P. 483.

The court found that appellant "was fully aware of what the premises were being used for." The evidence, particularly the sizeable weekly income and widespread reputation of the business, supports the court's finding.

---

[1] *But see E. Rauh & Sons Fertilizer Co. v. Shreffler*, 139 F.2d 38 (6th Cir. 1943); *Ambrosini v. Alisal Sanitary Dist.*, 154 Cal.App. 2d 720, 317 P.2d 33.

## IV.

Appellant next asserts that section 16-13-303(1), C.R.S. 1973, is unconstitutionally vague because it fails to specify how many acts of prostitution over what period of time establish "a public or private place of prostitution."

As we noted in *People v. Blue*, 190 Colo. 95, 544 P.2d 385, "a statute need not be drafted with the greatest possible facility or lucidity of expression if it meets the minimal requirements of due process." Given the benefit of commonsense understanding of the statutory terms, *People v. Garcia*, 189 Colo. 347, 541 P.2d 687, the statute challenged here "make[s] reasonably clear to those intended to be affected what conduct is within its scope." *People v. Ro'mar*, 192 Colo. 428, 559 P.2d 710. Although section 16-13-303(1)[2] does not define "public or private place of prostitution" with mathematical certainty, it is not unfair to the appellant, who deliberately chose to approach the area of proscribed conduct and assumed the risk of crossing the line. *Boyce Motor Lines v. United States*, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367. *See State ex rel. Webster v. Daugherty*, 530 S.W.2d 81 (Tenn. Ct.App. 1975).

Appellant also argues that the statute is overbroad because it conceivably would permit the declaration of a nuisance for a single act of prostitution. This argument is irrelevant to the issue here, where by the evidence, both direct and circumstantial, the building was shown to have been used as a place of prostitution by numerous acts committed over a substantial period of time. This court need not examine the outer bounds of a statute where the alleged conduct clearly falls within the statute's prohibition. *People v. Blue, supra.* Appellant has not established any denial of due process under the facts of this case.

## V.

Appellant asserts that the doctrine of laches precludes the state from bringing this action, since the first alleged act of prostitution occurred two and one-half years before the complaint and petition for abatement were filed.

We reject the notion that laches may bar the state from abating a public nuisance. Such a principle contravenes not only express legislative intent, section 16-13-302, C.R.S. 1973, but good sense. One may not acquire the prescriptive right to perpetuate a public wrong. *Smejkal v. Empire Lite-Rock, Inc.*, 274 Ore. 571, 547 P.2d 1363; *Liller v. State Highway Administration*, 25 Md. App. 276, 333 A.2d 644; *State ex rel. Hopkins v. Excelsior Powder Mfg. Co.*, 259 Mo. 254, 169 S.W. 267.

---

[2] "Prostitution" and "place of prostitution" are defined respectively in sections 18-7-201 and 18-7-204, C.R.S. 1973.

## VI.

Finally, appellant suggests that the district court erred in ordering seizure and sale of the fixtures and contents of the premises. Section 16-13-303(2), C.R.S. 1973 provides:

"The fixtures and contents of any building or structure which is a class 1 public nuisance under subsection (1) of this section; the personal property of every kind and description * * * used in conducting, maintaining, aiding, or abetting any class 1 public nuisance * * * are subject to seizure, confiscation, and forfeiture as provided in this part 3, *unless the possession of said property is not unlawful and the owner of said property was not a party to the creation of the nuisance and would suffer undue hardship by sale, confiscation, or destruction of the property.*" (Emphasis added.)

Appellant contends that he falls within the exception defined by the underscored portion of the statute. We do not agree.

In short, the trial court perceived no undue hardship by the confiscation and sale of the fixtures and contents of the premises. As the court found, appellant knew of and profited from his deliberate illegal activity. On these facts, appellant has suffered no undue hardship by forfeiting the instrumentalities of his unlawful enterprise. Thus, the district court did not err in ordering sale of the building's fixtures and contents.

The judgment is affirmed.