UNITED STATES of America, Appellee,

v.

**Ralph WOODY, Appellant.**

No. 78–1636.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1978.

Decided Dec. 21, 1978.

Certiorari Denied Feb. 21, 1979.
See 99 S.Ct. 1263.

Terry Burnet, Clayton, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Ralph Woody appeals from his conviction following a jury trial of knowingly transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312 (the Dyer Act). The district court[1] sentenced Woody to five years imprisonment. We affirm.

Prior to addressing the question raised on appeal, we briefly summarize the evidence adduced at appellant's trial.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

On the afternoon of June 17, 1978, a 1972 Mercury owned by one J. W. Alderson, a resident of Forrest City, Arkansas, was stolen from the parking lot of a Safeway store in Forrest City. On the evening of June 19, 1978, Deputy Sheriff Bill Hopkins of Pemiscott County, Missouri, stopped the Mercury in Caruthersville, Missouri. Appellant, who was driving the Mercury, told Hopkins that he owned the car. Hopkins ran a license plate check on the car, discovered that it had been reported stolen, and placed appellant under arrest. Hopkins later removed a Tennessee license plate from beneath the Mercury's front seat.

On June 20, 1978, F.B.I. Special Agent Marshall Gorham received a call from Pemiscott County authorities requesting him to come to the jail.. Upon his arrival, Gorham advised appellant of his rights and informed him of the investigation into a possible Dyer Act violation. Appellant refused to sign a written advice and waiver of rights form because he did not want to sign anything that might be used against him in an Arkansas prosecution. According to Gorham, appellant then said that he wanted to be prosecuted in a federal court rather than in Arkansas state court and that he wanted to give a statement. Appellant made an oral statement, Gorham reduced the statement to writing, and appellant read and signed the statement. In the statement appellant said he had stolen the Mercury from the Safeway lot in Forrest City and had driven it to West Memphis, Tennessee, then to Caruthersville, Missouri, then to Covington, Tennessee, and then back to Caruthersville. Appellant subsequently told Gorham that he had stolen the Tennessee license plate found in the Mercury.

Appellant, who took the stand as the sole defense witness, admitted that he was driving the Mercury when it was stopped by Deputy Hopkins. He testified, however, that he did not then know the car had been stolen. He testified that he had rented the car from an unidentified man in a Steele, Missouri, tavern and had paid the man $25 and agreed to pay another $75 when he returned the car. Appellant said he planned to drive the car to Henley, Missouri, where he was going to look for work on a ranch. Appellant denied telling Gorham that he had stolen the car and the Tennessee license plate. He admitted signing the statement prepared by Gorham, but denied the truth of the statement and said he had signed it solely because Gorham had threatened to send him to Arkansas for prosecution if he did not sign.

The jury returned a verdict of guilty and this timely appeal ensued. Appellant's sole contention for reversal is that the district court erred in failing to exclude Agent Gorham from the courtroom during the testimony of other witnesses.

█ Rule 615 of the Federal Rules of Evidence provides as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The legislative history of the Federal Rules of Evidence clearly indicates that subdivision (2) was intended to encompass a government investigative agent. S.Rep.No. 93–1277, 93d Cong., 2d Sess. 26 (1974). *See United States v. Boyer*, 574 F.2d 950, 955 (8th Cir. 1978). Thus, the decision whether to exclude an investigative agent is a matter committed to the district court's discretion, as it was prior to the promulgation of Rule 615. *See, e. g., United States v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir. 1972), *cert. denied*, 411 U.S. 918, 93 S.Ct. 1556, 36 L.Ed.2d 310 (1973).

█ On the facts of this case, we hold that the district court did not abuse its discretion in refusing to exclude Agent Gorham from the courtroom. Agent Gorham's testimony related to his interview with appellant and to appellant's statement. His testimony was consistent with the contents

of that statement. The testimony of the previous government witnesses related to matters other than appellant's statement. In short, there is no possibility that Gorham's testimony was influenced by the previous government witnesses. In such circumstances, appellant has failed to show any prejudice from the district court's refusal to exclude Agent Gorham.

The judgment of conviction is affirmed.