The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Rocky G. BELTRAN,
Defendant-Appellant.

No. 80CA0077.

Colorado Court of Appeals,
Div. III.

May 14, 1981.

Rehearing Denied June 11, 1981.

Certiorari Denied Oct. 5, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Linda J. Hotes, Deputy Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his conviction by a jury of attempted first degree murder. We affirm.

The record reveals that on April 12, 1979, defendant had an argument at a Durango, Colorado, bar with Phil Trujillo. Sometime later that same evening defendant encountered Trujillo at another bar. Trujillo and defendant walked outside the bar, defendant pulled a gun, and when Trujillo attempted to disarm defendant a scuffle en-

sued. Trujillo, who was shot four times during this altercation, eventually disarmed defendant and then hit him on the head with a gun.

At trial, defendant testified that he neither owned nor possessed a gun on the evening in question. Claiming that Trujillo had attacked him, he stated that he did not really remember what happened because he was intoxicated.

Officer Damian Stites identified an exhibit as the gun he had taken from Trujillo when he arrived at the scene of the shooting. He stated that it was the only gun of that type he had seen during his career as a police officer and that he recognized it by the distinctive manufacturer's insignia it bore. The gun was left unattended in the evidence room at the police station for about 20 minutes on the night of the shooting.

Defendant argues that the trial court erroneously admitted the gun into evidence. We disagree.

■■■ Testimony by the investigating officer identifying items seized at the scene of a crime is sufficient basis to support the admission of such items into evidence. *People v. Brake*, 191 Colo. 390, 553 P.2d 763 (1976); *People in the Interest of R. G.*, Colo.App., 630 P.2d 89 (1981). Such evidence is admissible even if the officer did not initial or mark the item when it was seized, if at trial the officer identifies the exhibit as appearing to be the same, or to look like, the evidence found at the scene. *People v. Brake, supra; Claxton v. People*, 164 Colo. 283, 434 P.2d 407 (1967). Here, Officer Stites sufficiently identified the gun as the one he had seized from Trujillo.

Defendant next argues that the trial court abused its discretion when it denied defense counsel's motion to sequester three prosecution witnesses. We disagree.

Prior to the commencement of trial, defense counsel requested that the victim and two eyewitnesses be sequestered, stating that "the motion is submitted to the sound discretion of the court." The motion was denied on the basis that defendant failed to show necessity and because there were no "facilities" for sequestration of witnesses and "no clerk to leave them with." Defendant made no offer of proof to establish the necessity for sequestration, and failed to argue at trial, as he seeks to do here, that special facilities and personnel were not required.

■■■ At the time this case was tried, the decision whether or not to sequester witnesses was within the sound discretion of the trial court. *People v. Burley*, 185 Colo. 224, 523 P.2d 981 (1974). *But see* Colorado Rules of Evidence 615. The record reveals no prejudice to defendant resulting from the denial of his motion. Although the testimony of the two eyewitnesses basically corroborated that of the victim, defense counsel elicited several inconsistencies on cross-examination of these witnesses. In light of defendant's failure to assert his position on this question at trial, we find no abuse of discretion by the trial court. *See People v. Henderson*, 38 Colo.App. 308, 559 P.2d 1108 (1976).

■■■ Defendant also contends that the trial court's failure to define the term "after deliberation" for the jury constitutes plain error. We again disagree.

The trial court correctly instructed the jury on the elements of first degree murder, including the requirement that defendant act after deliberation. Defendant did not object to that instruction, nor did he tender or request any other instruction defining "after deliberation." *See Colo.J.I. Crim.* 5(172). The phrase is taken verbatim from the statute defining the offense and is neither so unusual nor so unfamiliar as to require elaboration. *See People v. Harpool*, 541 P.2d 130 (Colo.App.1975) (not selected for official publication). Although the trial court should give an instruction on the meaning of this statutory phrase if requested by defendant, defendant was not prejudiced by the lack of further definition here; hence, we find no plain error. *People v. Ortega*, 181 Colo. 223, 508 P.2d 784 (1973); *Tatum v. People*, 174 Colo. 301, 483 P.2d 964 (1971).

Defendant argues that the trial court erroneously rejected his tendered jury instruction respecting presumptive evidence of intoxication. We disagree.

The doctor who treated the defendant on the night of the shooting testified at trial that a hospital lab report indicated defendant's blood alcohol content to be .122 percent. The report itself was not admitted into evidence. The court correctly instructed the jury on defendant's affirmative defense of intoxication, but rejected defendant's tendered instruction stating that the law presumes one to be intoxicated if such person's blood contains .10 percent or more by weight of alcohol.

Defendant's tendered instruction was based on § 42–4–1202(2)(c), C.R.S.1973. That statute defines an evidentiary presumption for determining when a person is deemed to be "under the influence of alcohol" with specific reference to an offense defined by the General Assembly in the motor vehicle code as driving while "under the influence of intoxicating liquor." Section 42–4–1202(1)(a), C.R.S.1973. It is limited to that offense. Similar presumptions have been adopted by the General Assembly with respect to specific strict liability offenses prohibiting the operation of motor vehicles "while under the influence of" specified substances. *See, e. g.,* § 18–3–106, C.R.S.1973 (vehicular homicide); § 18–3–205, C.R.S.1973 (vehicular assault).

However, the General Assembly has not elected to create such a presumption with regard to defenses to the crimes of attempt and first degree murder. Hence, defendant's tendered instruction was properly rejected by the trial court. *Cf. People v. Sasson,* Colo.App., 628 P.2d 120 (1980).

We find defendant's final contentions respecting alleged improprieties by the trial court are without merit.

Judgment affirmed.

SMITH and TURSI, JJ., concur.