**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Calvin Carome CHEEKS, Defendant-Appellee.**

**No. 83SA127.**

Supreme Court of Colorado, En Banc.

June 18, 1984.

G.F. Sandstrom, Dist. Atty., Scott B. Epstein, Chief Deputy Dist. Atty., Matthew J. Kikel, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellee.

ROVIRA, Justice.

The People appeal the Pueblo District Court's ruling that the prosecution's designated representative was not exempt from sequestration.[1] We disapprove the ruling.

I.

The defendant, Calvin C. Cheeks, was charged with first-degree sexual assault. At his trial, the district court ordered sequestration of the witnesses. The prosecution designated Sandra Wells, an investigator who worked on the case, as its representative under CRE 615(2).[2] The prosecution stated that she might be called to testify for impeachment or rebuttal pur-

---

1. The People appeal this question of law pursuant to section 16–12–102, 8 C.R.S. (1978).

2. This rule will be discussed in detail *infra.*

poses, and moved to exempt her from the sequestration order. The trial court denied the motion. Wells and the other witnesses were sequestered. The jury found the defendant not guilty, and this appeal followed.[3]

## II.

Sequestration has long been used to prevent a witness from conforming his testimony to that of another, and as a means of discouraging and exposing fabrication, collusion, and inaccuracy. *Martin v. Porak*, 638 P.2d 853 (Colo.App.1981); Fed.R.Evid. 615 advisory committee note; 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 615[01] (1982). Prior to the adoption of our current rule, whether a witness should be sequestered was within the sound discretion of the trial judge. *E.g., People v. Perez*, 192 Colo. 562, 561 P.2d 7 (1977); *People v. Burley*, 185 Colo. 224, 523 P.2d 981 (1974). CRE 615 makes sequestration of witnesses mandatory, at the request of a party, with three exceptions. CRE 615 provides:

"At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause."

The sole question before us is whether exception (2) prohibits exclusion of a nonnatural party's designated representative, or whether a trial judge retains discretion to sequester such a witness. We conclude that the former position is correct.

CRE 615 is identical to the correlative federal rule. 3 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 615[04] (1982); *Cf.* Fed.R.Evid. 615. The advisory committee note prepared by the framers of the federal rule states: "[a]s the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present." This supports our view that CRE 615 places natural and nonnatural parties on an equal plane; both are entitled to have one potential witness who is not subject to sequestration. The trial court does not retain discretion to tip this balance against a nonnatural party.

In the United States Senate Report accompanying Fed.R.Evid. 615, the Senate Committee on the Judiciary elaborated upon why a nonnatural party should be allowed to have a designated representative present throughout the trial. Often, if the government is the nonnatural party, the designated representative will be an investigative agent:

"Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in—he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential. Furthermore, it could be dangerous to use the agent as a witness as early in the case as possible, so that he might then help counsel as a nonwitness, since the agent's testimony could be needed in rebuttal. Using another, nonwitness agent

---

**3.** The People do not claim that the defendant should be retried. Our decision here does not disturb the jury's verdict.

from the same investigative agency would not generally meet government counsel's needs.

"This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule." S.Rep. No. 93–1277, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 7072, 7072–73. This rationale fits squarely within the facts of the present case. Wells was an investigative agent who had worked on the case. Her presence "may be extremely important to government counsel" because "having lived with the case for a long time, [she] may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty," and, in relation to government counsel, her presence "compares with the situation defense counsel finds himself in—he always has the client with him to consult during the trial." *See id.*

The structure of CRE 615 also supports our view. The rule makes sequestration mandatory if a party requests it and authorizes the trial court to order it *sua sponte.* The third exception to the general rule contains language indicative of discretion: "a person whose presence *is shown* by a party to be essential to the presentation of his cause" (emphasis added). CRE 615(3). In contrast, the first two exceptions contain no such indication of discretion.

Several judicial opinions interpreting Fed.R.Evid. 615 support the result that we reach here. *United States v. Nix,* 601 F.2d 214 (5th Cir.), *cert. denied,* 444 U.S. 937,

100 S.Ct. 287, 62 L.Ed.2d 196 (1979); *United States v. Holmes,* 594 F.2d 1167 (8th Cir.), *cert. denied,* 444 U.S. 873, 100 S.Ct. 154, 62 L.Ed.2d 100 (1979); *In re United States,* 584 F.2d 666 (5th Cir.1978); *Oliver B. Cannon & Son v. Fidelity & Casualty Co.,* 519 F.Supp. 668 (D.Del.1981).[4] In addition, according to a prominent commentator, a representative designated under Fed. R.Evid. 615(2) should be automatically exempted from a sequestration order. 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 615[02] (1982).

■ We conclude that CRE 615(2) prohibits the exclusion of an officer or employee of a nonnatural party who has been duly designated as its representative. The district court erred by sequestering Wells, an employee of the prosecution who had been duly designated as the prosecution's representative.

Ruling disapproved.

---

**4.** Other judicial interpretations of Fed.R.Evid. 615 suggest a contrary result. But many of these opinions address the issue in a cursory manner, and we do not find them persuasive. *See United States v. Parodi,* 703 F.2d 768 (4th Cir.1982); *United States v. Jones,* 687 F.2d 1265 (8th Cir.1982); *United States v. Alvarado,* 647 F.2d 537 (5th Cir.1981); *Government of Virgin Islands v. Edinborough,* 625 F.2d 472 (3d Cir. 1980); *United States v. Shearer,* 606 F.2d 819 (8th Cir.1979); *United States v. Woody,* 588 F.2d 1212 (8th Cir.1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 484 (1979).