The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Refugio S. TORRES,
Defendant-Appellant.

No. 82CA0879.

Colorado Court of Appeals,
Div. I.

Nov. 8, 1984.

Rehearing Denied Dec. 6, 1984.

Certiorari Denied May 6, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie J. McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Norman Mueller, Susan L. Foreman, Special Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Refugio S. Torres, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault. We affirm.

The evidence shows that the victim, a 15-year-old girl, and her girlfriend were walking along a street when they were offered a ride by defendant and two other men. The victim's girlfriend recognized the driver of the car and convinced the victim to go with them. After driving the girls around town for three to four hours, the men drove to a rural public park. The victim testified that when the car stopped at the park, she left the car and told the men she had to go to the restroom. One of the occupants of the car chased the victim and wrestled her to the ground not far from the car. The victim testified that at

this point defendant joined in the activity and sexually assaulted her while the other man held her down.

Defendant was arrested the next evening, after being identified by the victim.

### I.

Defendant contends, for the first time on appeal, that the trial court committed reversible error because the instruction given by the court on first degree sexual assault allegedly broadened or altered the charge against him. We disagree.

■ Section 18-3-402, C.R.S. (1983 Cum.Supp.) sets forth five ways in which first degree sexual assault may be committed. The defendant was charged pursuant to § 18-3-402(1)(a), C.R.S. (1983 Cum. Supp.), i.e., that he caused submission of the victim through the actual application of physical force or physical violence. The court's instruction correctly used this language in defining the crime, but also included the definition in § 18-3-402(1)(e), C.R.S. (1983 Cum.Supp.). This subsection provides that sexual assault in the first degree occurs if the assault is on a non-consenting victim who is physically helpless and the actor knows the victim is physically helpless. The defendant was not charged with this method of committing the crime. Despite its inclusion in the definitional portion of the instruction, the court did not incorporate the physically helpless method into the elemental portion of the instructions given.

The defendant failed to object to the accuracy of the jury instruction either at trial or in his motion for new trial. Thus, the judgment will not be reversed unless plain error occurred. *People v. Frysig,* 628 P.2d 1004 (Colo.1981).

We perceive no plain error in the giving of the elemental instruction. *See People v. Dillon,* 655 P.2d 841 (Colo.1982).

### II.

■ Defendant next contends that the trial court erred in giving a special credibility instruction permitting the jury to consider the victim's prompt complaint of sexual assault to corroborate her testimony. We disagree.

In *People v. Oliver,* 665 P.2d 152 (Colo. App.1983), we held it was not error for a trial court to refuse to give a special credibility instruction directing the jury to consider a rape victim's failure to make a prompt complaint of sexual assault to discredit her testimony. We reasoned that the general credibility instruction was sufficient; however, we did not hold that it was error to give a special credibility instruction.

The instruction given here by the court was supported by admissible evidence in the record. *People v. Fierro,* 199 Colo. 215, 606 P.2d 1291 (1980); *People v. Graham,* 678 P.2d 1043 (Colo.App.1983). Although the better practice is to give only one integrated instruction pertaining to credibility, *People v. Keelin,* 39 Colo.App. 124, 565 P.2d 957 (1977), the court did not err in giving the instruction at issue here.

### III.

■ Defendant next contends that the trial court committed plain error by failing to instruct the jury that the sentencing enhancement factor of "physically aided or abetted" had to be proved beyond a reasonable doubt. As a corollary, defendant contends that it was error not to define the term "physically aided or abetted." No reference to this alleged error was made at trial. We find no plain error.

Section 18-3-402(2), C.R.S. (1978 Repl. Vol. 8), enhances the punishment for first degree sexual assault by making the crime a class two felony rather than a class three felony upon a finding that the defendant was physically aided or abetted by another when committing the crime. Rather than including this factor in the elemental instruction to the jury, a verdict form was used that contained a special jury interrogatory directing the jury, upon reaching a guilty verdict, to indicate whether this factor was present. In addition, the jury

was not instructed as to the definition of the phrase "physically aided or abetted."

The phrase "physically aided or abetted" is taken verbatim from the statute defining the offense and is neither so unusual nor so unfamiliar as to require elaboration. *See People v. Beltran,* 634 P.2d 1003 (Colo. App.1981). *See also People v. R.V.,* 635 P.2d 892 (Colo.1981). Although it is proper to give an instruction defining this phrase on request of the defendant, the trial court's failure to do so *sua sponte* did not prejudice the defendant here. *See People v. Beltran, supra.*

The victim testified that another man held her down while defendant raped her and then the men changed positions and she was raped again. Defendant did not challenge the substance of this testimony but rather denied that he was one of the participants. Thus, if the jury determined that defendant was one of the perpetrators, the presence of the aiding and abetting factor was necessarily present.

After reviewing the instructions as a whole, we perceive no plain error occurred by virtue of the trial court's failure to include the sentencing enhancement factor in the elemental instruction to the substantive charge. *Ramirez v. People,* 682 P.2d 1181 (Colo.1984) is dispositive of this contention.

Defendant's remaining contentions are without merit.

Judgment affirmed.

SMITH and TURSI, JJ., concur.