UNITED STATES of America,
Plaintiff-Appellee,

v.

Ramiro INFANZON, Defendant-Appellant.

No. 388, Docket 24050.

United States Court of Appeals
Second Circuit.

Argued June 7, 1956.
Decided July 5, 1956.

Judge Bicks did not abuse his discretion in the circumstances of this case in allowing the government to keep one witness-assistant, Olivera, at counsel's table during the trial. Nor did he err in admitting into evidence copies of photographs of defendant taken with certain other persons which had been seized by police in Puerto Rico. The judge in effect found on the basis of sufficient evidence that the photographs were not the property of defendant, but rather of Norma Infanzon, who did not become his wife until after the time of the seizure, and that the premises from which they were seized did not belong to defendant. Hence we need not consider the several other grounds urged by the government for admitting this evidence.

Affirmed.

Jerome J. Londin, Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Henry K. Chapman, New York City (Nathan S. Jaffe, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

Defendant was convicted of perjury committed during the hearing under 28 U.S.C. § 2255 in the case of United States v. Tramaglino, the decision in which, adverse to Tramaglino, was affirmed by us, 2 Cir., 234 F.2d 489. At the hearing Tramaglino offered Infanzon's testimony as alleged evidence of government agent Olivera's bad character and lack of credibility and of his persecution of Tramaglino. Infanzon's testimony was therefore quite material to the inquiry; and the jury, on the basis of ample evidence, found it false.