In re UNITED STATES of
America, Petitioner.

No. 78-3299.

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1978.

Fay, Circuit Judge, filed opinion concurring in part and dissenting in part.

J. V. Eskenazi, U. S. Atty., Miami, Fla., Gary L. Betz, Leonard A. Sands, Sp. Attys., Dept. of Justice Miami, Fla., for petitioner.

Sidney M. Aronovitz, Judge, U.S.D.C., George D. Gold, Thomas G. Murray, Miami, Fla., for Kabbaby.

Stephen J. Goldstein, North Miami, Fla., for Goodman.

Harvey N. Gedrich, Fort Lauderdale, Fla., for Heller.

Michael A. Masin, Miami, Fla., for Kocher.

Donald F. Spain, Miami, Fla., for Garcia.

Angelo Ali, Miami, Fla., for Lombardozzi.

Alan Weinstein, Miami Beach, Fla., for Gorwitz.

Before CLARK, GEE and FAY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Defendants were indicted for conspiracy to violate various federal statutes. During the course of the trial, one of the defendants invoked Federal Rule of Evidence 615 which requires the exclusion of witnesses from the courtroom.[1] The second exception

---

1. Rule 615 of the Federal Rule of Evidence provides: At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural

to Rule 615 provides that a witness may remain in the courtroom if he is "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The government designated a federal agent, Doredant, who had been involved in the preparation of the case, as its representative under this exception. The District Court rejected the government's designation holding that since Doredant's testimony, which had been taken in connection with a Motion to Suppress, was of prime importance in the case, he could not remain in the courtroom if he was to be used as a witness. The government has petitioned for a Writ of Mandamus to overturn the District Court's ruling.

■ Although Rule 615 does not expressly provide that a government investigative agent can also be a designated representative for the purpose of exception (2), the legislative history of the Rule indicates that the exception was designed to include agents such as Doredant. In the Senate Report accompanying Rule 615, the Senate Committee on the Judiciary expressed concern that a District Judge, in applying Rule 615, might feel compelled to exclude all government agents who were to testify in the trial, including the agent responsible for the preparation of the case. S.Rep.No.93–1277, 93rd Cong., 2nd Sess. (1974), U.S.Code Cong. & Admin.News 1974, pp. 7051, 7073, *reprinted in* Historical Note, 28 U.S.C.A., Rule 615. The Committee recognized that the participation of this agent in the trial might be of critical importance to the government's case. The Committee stated that the second exception was designed to allow the agent to remain in the courtroom. This was their language:

"This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natu-

ral person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule."

The notes of the Advisory Committee in the proposed Rules of Evidence also reflect a belief that police officers and other agents in charge of the investigation are embraced within the scope of exception (2). Notes of Advisory Committee on proposed rules. reprinted in 28 U.S.C.A., Rule 615. *See also* 10 Moore's Federal Practice, § 615.-02 at VI, 228. In light of the text and legislative history of Rule 615, the District Court erred in excluding Doredant from the courtroom.

■ Defendants complain that Doredant's presence in the courtroom while others are testifying would unfairly prejudice them. This same concern was the basis for the District Court's Order. However, the clear mandate of the rule, reinforced by expressed legislative history controls our decision here. We note though, that the District Court is not left powerless. Our decision today in no way affects that Court's control over the order of the presentation of the evidence under Rule 611(a).[2] The District Court may, in the exercise of its discretion under this rule, conclude that the government should be required to present Doredant's substantive testimony at an early stage of the government's case if he remains the government's designated representative under Rule 615. However, should it so require, it cannot bar his subsequent testimony either in the government's case in chief or on rebuttal because he was not sequestered.

PETITION GRANTED.

FAY, Circuit Judge, concurring in part and dissenting in part:

While agreeing with everything my brothers say up to the last paragraph, I

person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

2. Rule 611(a) of the Federal Rules of Evidence provides: "Control by court. The court shall exercise reasonable control over the mode and

order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

must respectfully dissent from that portion of the opinion. Rule 615 establishes the witness exclusion rule. By its express terms three categories of individuals, who may be witnesses, are not to be excluded and are exempted from the rule. Sub-part (2) exempts a designated representative of the government. As I read the rule and its legislative history, this designated representative may be anyone, including the case agent. I find nothing in Rule 615 or in Rule 611 which allows the District Court to modify or restrict the government's selection of such a representative. My interpretation of both rules and their legislative histories leads me to conclude this was a direct attempt to put "a party which is not a natural person" on the same level with a party who is a natural person. By virtue of these provisions, corporations, partnerships, trusts, governmental agencies, administrative bodies and the sovereign itself have an absolute right to be represented by a warm body. Nothing in Rule 611 indicates to me that this right can then be compromised by requiring such a representative to testify at any given time in the proceedings.