UNITED STATES of America,
Plaintiff-Appellee,

v.

David P. NIX, Defendant-Appellant.

No. 78–5731
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1979.

Garland D. McInnis, Jr., Houston, Tex. (Court-appointed), for defendant-appellant.

Kevin M. Moore, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co.*, 431 F.2d 409 (5th Cir. 1970).

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

David P. Nix was convicted by a jury of 62 counts of mail fraud in violation of 18 U.S.C.A. §§ 1341, 1343 and 2, and sentenced to concurrent 5-year sentences on each count. He challenges his convictions on the grounds of prejudicial preindictment delay and three trial errors. No challenge is well taken.

■ When Nix discovered postal inspectors were investigating the "bust out" scheme he was perpetrating, he immediately fled to Mexico and remained there for more than four years. Even after his return he used an alias and took other action to avoid detection. When discovered, he was promptly indicted. The preindictment delay was of his own making and, whether prejudicial or not, is no defense to this prosecution.

■ Nix challenges, under Federal Rule of Evidence 615, the government's use of Postal Inspector Wesche as its final witness after Wesche had been designated to remain in the courtroom to assist the prosecutor during the testimony of all other government witnesses. The government was entitled to have Wesche's assistance. *In re United States,* 584 F.2d 666 (5th Cir. 1978). If defendant wished to invoke the suggested procedure of requiring that representative's testimony early on in the government's case, 584 F.2d at 667, he had the responsibility of bringing that wish to the attention of the trial court. Nix made no request for a cautionary instruction. *See United States v. Pellegrino,* 470 F.2d 1205 (2d Cir. 1972). The trial court did not commit error by failing to invoke these procedures sua sponte. In any event, Wesche's testimony was principally about matters he personally observed and was so independent of the testimony of other witnesses that no abuse of the court's discretion to permit his testimony was shown.

■ Based on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Nix objects to the government's failure to disclose that it possessed motion picture films taken of some activities observed by Wesche and a letter identifying a go-between Nix was using to conceal his presence in the United States. These items were inculpatory, not exculpatory, and could not have created "a reasonable doubt [of defendant's innocence] which did not otherwise exist." *United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976). The government did not offer the film and introduced the letter only upon cross-examination of Nix after he had denied that he attempted to conceal his identity upon his return.

■ Nix finally urges that the failure to produce the Wesche films and sound recordings, violated the provision of the court's "Standing Discovery Order," which required disclosure of whether defendant was the subject of any electronic surveillance, and deprived him of due process. The requirement to disclose electronic surveillance does not encompass disclosure of motion picture films and direct sound recordings made in connection therewith. A second discovery order covered photographs which the government intended to use to prove its case-in-chief. Since it did not offer the films, this order was not violated.

The convictions of David P. Nix are AFFIRMED.