EL PUEBLO DE PUERTO RICO, peticionario, *v.* MOISÉS ORTIZ TIRADO y OTROS, acusados y recurridos.

*Número:* O-85-202        *Resuelto:* 15 de enero de 1986

*Américo Serra, Procurador General Interino* y *Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogados de El Pueblo; *Enrique Rivera Mendoza* de la Sociedad para Asistencia Legal, abogado del recurrido Moisés Ortiz Tirado.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

■ La controversia que debemos resolver es si un fiscal tiene derecho absoluto durante un juicio a estar acompañado en la sala de un agente del orden público o agente investigador que luego será presentado como testigo de cargo en el mismo juicio. Resolvemos que no. La decisión de si el agente puede permanecer o no en sala acompañando al fiscal debe corresponder a la sana discreción del juez, quien deberá tomar en consideración todas las circunstancias atinentes.

## I

Los aquí recurridos, quienes son ex funcionarios de la Corporación de Renovación Urbana y Vivienda (CRUV), fueron denunciados por múltiples cargos de apropiación ilegal agravada y preparación y falsificación de documentos. Arts. 166 y 241 del Código Penal, 33 L.P.R.A. secs. 4272 y 4437. En la vista preliminar el fiscal inició la presentación de la prueba con la testigo Carmen G. Collazo Pérez, empleada de la oficina de Auditoría de la CRUV. Habiéndose iniciado dicho testimonio, la Defensa solicitó que se excluyera de la sala a los Agentes Investigadores Enrique Pérez Ginorio y Julio Vargas Aponte, ambos del Negociado de Investigaciones Especiales del Departamento de Justicia (NIE), quienes se encontraban en la sala ordenando la prueba documental que habría de utilizarse. Fundamentó su solicitud en que dichos agentes eran testigos del Pueblo[1] y que por ello su presencia en la sala constituía una violación al debido proceso de ley y otros derechos constitucionales de los acusados, y que nuestra Regla 43 de Evidencia era clara en el sentido de no permitir la presencia de testigos en sala mientras no estuvieran declarando. El fiscal se opuso a esta petición y alegó que la presencia de éstos en sala era necesaria para hacer posible y facilitar la presentación de la prueba.

---

[1] Surge de los documentos que obran en autos que sólo el agente Vargas había sido anunciado en las denuncias como testigo de cargo.

El Tribunal de Distrito invocó la Regla 43(E) de Evidencia para excluir de sala a los agentes y así "salvaguardar los derechos del acusado a una vista preliminar privada y posteriormente un juicio justo". A solicitud del fiscal y con la anuencia de los abogados de la defensa el tribunal paralizó la vista mientras el Ministerio Fiscal recurría en *certiorari* al Tribunal Superior. Éste luego de evaluar los escritos de las partes resolvió que "aunque la mejor práctica sea permitir la presencia del Agente Investigador asesorando al fiscal en la vista de un caso criminal cuando sea un caso complejo o envuelva asuntos especializados o técnicos, el Juez de Instancia no abusó de su discreción al excluir el agente investigador en este caso". Declaró sin lugar el recurso.

El Estado recurrió ante nos y decidimos revisar el dictamen del Tribunal Superior mediante el trámite de mostrar causa.

## II

Examinemos brevemente la Regla de Evidencia 43(E) nuestra y la 615 federal, que la primera tuvo por modelo. Dice la federal:

Rule 615. *Exclusion of Witnesses.*

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

La Regla 43(E) nuestra dispone:

(E) A requerimiento de parte o de su propia iniciativa, el juez podrá excluir de la sala en que se celebra el juicio o vista a cualquier testigo que en ese momento no estuviere declarando, a fin de evitar que el testigo escuche el testimo-

nio de los demás; sin embargo, ninguna parte podrá ser así excluida si se trata de una persona natural o un oficial o empleado de una parte que no sea persona natural y que representa a ésta en el caso.

■ De inmediato saltan a la vista dos diferencias fundamentales. La primera la hallamos al comparar la parte inicial de ambas reglas. La federal no concede discreción alguna al juez para negarse a permitir que un testigo permanezca en sala si una de las partes en el juicio le pide que lo excluya. Su lenguaje es tajante: "At the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses. . . ." (Énfasis suplido.) Nuestra Regla 43(E) está concebida en un lenguaje permisivo: "A requerimiento de parte . . . el juez *podrá excluir* de la sala . . . a cualquier testigo que en ese momento no estuviere declarando . . . ." (Énfasis suplido.) En otras palabras, nuestra regla da discreción al juez para permitir o no que un testigo que declarará en un caso permanezca en sala mientras otros testigos declaran.

■ La segunda diferencia, muy importante, la hallamos en la segunda parte de ambas reglas. La federal prohíbe la exclusión de sala (1) de una persona que es parte en el juicio; (2) de una persona que representa a una persona jurídica que es parte en el juicio, y (3) de una persona cuya presencia es esencial para la presentación del caso de una parte y ésta así lo demuestra. Nuestra Regla 43(E) omitió la número 3 de las condiciones enumeradas. Y precisamente, esa era la situación de los agentes que el fiscal quería que permanecieran en sala durante el incidente a que se refiere el caso que nos ocupa. Así se recoge el incidente en la resolución del Tribunal de Distrito: "La posición del Fiscal descansa fundamentalmente en el hecho de que la presencia de éstos en sala sea necesaria para hacer posible y facilitar la presentación de la prueba, ya que no serían utilizados como testigos de cargo en el proceso, además de que ellos como agentes investigadores del caso estarían

en posición de asesorar en cuanto a la documentación en su poder. . . ."

La posición del fiscal encuentra apoyo principalmente en el historial de la regla federal. *Notes of Committee on the Judiciary, Senate Report No. 93–1277* y *Notes of Advisory Committee on Proposed Rules*, en Fed. Rules Evid. Rule 615, 28 U.S.C.A. (Historical Note), y en las observaciones del tratadista J. B. Weinstein, 3 *Weinstein's Evidence* Sec. 615 (1985). La conclusión invocada es que el Estado es una persona jurídica y que como parte en un juicio tiene derecho a estar representado por una persona designada por su abogado. Se hace extensiva esta interpretación a los casos criminales y se razona, citando de E. L. Chiesa, *Práctica Procesal Puertorriqueña, San Juan,* Pubs. J.T.S., Inc., 1985, Evidencia–Vol. 1, Cap. VI, pág. 178, y *United States* v. *Infanzon,* 235 F.2d 318 (1956), que "[d]e la misma manera que el acusado está siempre presente para consultar a, o ser consultado por, su abogado, el ministerio público podría necesitar la presencia del agente o representante del Pueblo".

■ No cuestionamos que esa sea la interpretación en el ámbito federal. Sin embargo, no nos obliga. Como ya hemos señalado, la Regla 43(E) nuestra se aparta de la 615 federal en dos aspectos fundamentales, a saber, da discreción al juez para excluir de sala a un testigo, aun si hubiere objeción, mientras la federal le quita esa discreción, y no acogió la disposición de la regla federal que no autoriza la exclusión de sala cuando se demuestra que la persona es esencial para que la parte pueda presentar su caso. En este segundo supuesto también se limita la discreción del juez en la regla federal. Puede colegirse, en conclusión, que el toque importante de nuestra Regla 43(E) no es quitar sino dar discreción al juez para autorizar o negar la presencia de un testigo en sala.

Tradicionalmente se ha permitido en esta jurisdicción que un litigante esté presente durante las etapas del juicio y que si es persona jurídica, esté representada por un agente o em-

pleado suyo. Eso ha sido así en lo civil, pero no lo ha sido en lo penal, salvo cuando la persona jurídica es la imputada de delito.

■ El argumento de que el Estado debe tener igual trato que el acusado, en cuanto a que éste tiene derecho a estar presente, pasa por alto dos fundamentos importantes. En primer lugar, el Estado, como ente jurídico, nunca está huérfano de representación en un caso penal. La tiene en los fiscales, que son los representantes del Ministerio Público. En segundo lugar, y más importante aún, el derecho del acusado a estar presente en el juicio es parte consubstancial de su derecho constitucional a un juicio público en que pueda carearse personalmente con los testigos de cargo. Es parte esencial del debido procedimiento de ley. Véanse *Pueblo* v. *Colón Colón*, 105 D.P.R. 880, 883 (1977); *Pueblo* v. *Pedroza Muriel*, 98 D.P.R. 34 (1969); *Pueblo* v. *Cruzado*, 74 D.P.R. 934 (1953); *Pueblo* v. *Ortiz*, 57 D.P.R. 469 (1940); *El Pueblo* v. *Reyes*, 10 D.P.R. 253 (1906). Véase, además, la Exposición de Motivos de la Ley Núm. 138 de 23 de julio de 1974, enmendatoria de la Regla 243 de Procedimiento Criminal, que regula lo concerniente a la presencia del acusado durante el juicio y su renuncia de ese derecho.

■ Para concluir, no estamos obligados, en el caso de la Regla 43 (E), por las interpretaciones que en el ámbito federal se han dado a la Regla 615. Aparte de que no adoptamos la Regla 615, sino que la modificamos, es principio reconocido en la misma esfera federal que en virtud de la aprobación de la Ley Núm. 600 del 81er Congreso, la interpretación y aplicación del debido proceso bajo la Constitución del Estado Libre Asociado es prerrogativa del Tribunal Supremo de Puerto Rico. *Figueroa Ruiz* v. *Delgado*, 359 F.2d 718 (1966).

■ Cabe señalar, por último, que la norma que aquí establecemos no prohíbe que durante un juicio penal el fiscal se haga acompañar de aquel agente investigador que a su juicio

pueda ayudarle a mejor presentar el caso del Pueblo. Lo que resolvemos es que no se trata de un derecho absoluto, sobre todo si el agente ha de ser utilizado como testigo. Ante esta situación, la decisión de si el agente puede permanecer o no en sala debe corresponder a la sana discreción del tribunal, tomando en consideración todas las circunstancias atinentes.

Por los fundamentos expuestos, *se expedirá el auto y se confirmará la sentencia recurrida.*

El Juez Asociado Señor Negrón García emitió opinión disidente a la cual se unió el Juez Asociado Señor Ortiz. El Juez Asociado Señor Hernández Denton emitió un voto particular.

—O—

Opinión disidente del Juez Asociado Señor Negrón García a la cual se une el Juez Asociado Señor Ortiz.

Este recurso ilustra una vez más, cómo por vía de interpretación judicial algunas reglas evidenciarias son fórmulas simplemente esotéricas o abstractas. El resultado es un desbalance que "resulta tan ilógico como la conducta de aquellos médicos a que se refiere Ossorio, que seguían hablando y recetando en latín cuando ya nadie entendía este idioma". F. Soto Nieto, citado en *Pueblo* v. *Martínez Martí*, 115 D.P.R. 832, 845 (1984). La decisión de hoy remite el remedio a la consideración de la Asamblea Legislativa como única alternativa.

I

Varios ex funcionarios de la Corporación de Renovación Urbana y Vivienda (CRUV) fueron denunciados por múltiples cargos de apropiación ilegal agravada, preparación y falsificación de documentos. Arts. 166 y 241 del Código Penal, 33 L.P.R.A. secs. 4272 y 4437. En la vista preliminar el fiscal Julio Soto inició la presentación de la prueba con la testigo Carmen G. Collazo Pérez, de la Oficina de Auditoría de la CRUV. Lo asistían los agentes investigadores del Negociado

de Investigaciones Especiales (NIE) del Departamento de Justicia, Enrique Pérez Ginorio y Julio Vargas Aponte, quienes colocaban en orden la prueba documental. El agente Vargas había sido anunciado en las denuncias como testigo de cargo.

En esta etapa se suscitó el siguiente incidente que recoge fielmente la Resolución del Tribunal de Distrito. La defensa solicitó que ambos agentes fueran excluidos de la sala "por razón de haber sido éstos anunciados previamente como testigos del pueblo y de [*sic*] que su presencia en sala podría perjudicar los derechos de los acusados a un juicio justo. El día 19 de septiembre de 1984 continuó la vista y se argumentó por ambas partes la solicitud de la defensa de excluir de sala a dichos testigos. La posición del Fiscal descansa fundamentalmente en el hecho de que la presencia de éstos en sala es necesaria para hacer posible y facilitar la presentación de la prueba, ya que no serían utilizados como testigos de cargo en el proceso, además de que ellos como agentes investigadores del caso estarían en posición de asesorar en cuanto a la documentación en su poder. . . . La defensa, por acuerdo de todos los abogados, se opuso a lo solicitado por el Fiscal, argumentando que ello constituiría una violación al debido proceso de ley y otros derechos constitucionales de los acusados y que nuestra Regla 43 de Evidencia era clara en el sentido de no permitir la presencia de testigos en sala mientras no estuviera[n] declarando. Se señaló además, que la defensa estaba considerando la posibilidad de utilizarlos como sus testigos".

Finalmente, dicho foro invocó la Regla 43(E) de Evidencia para excluir de sala a los agentes en aras de "salvaguardar los derechos del acusado a una vista preliminar privada y posteriormente a un juicio justo".

Ello motivó la suspensión, pues al fiscal le era muy difícil presentar la prueba documental sin la colaboración de dichos investigadores. Al otro día, el tribunal nuevamente se negó a permitir su intervención. Paralizó la vista mientras el Minis-

terio Fiscal recurría en *certiorari* al Tribunal Superior. Tras evaluar los escritos de las partes, este último foro resolvió "que aunque la mejor práctica sea permitir la presencia del Agente Investigador asesorando al fiscal en la vista de un caso criminal, cuando sea un caso complejo o envuelva asuntos especializados o técnicos, el Juez de Instancia no abusó de su discreción al excluir el agente en este caso". Declaró sin lugar el recurso.

Inconforme, a solicitud del Estado y mediante el trámite de mostrar causa, evaluamos la juridicidad de ambos dictámenes.

## II

La exclusión de sala de testigos durante un juicio es sabia práctica consagrada en nuestras Reglas de Evidencia. Armoniza con un sistema de litigación adversativo y la búsqueda de la verdad. Representa un instrumento más para propiciar y rodear de garantías circunstanciales de veracidad el proceso de dirimir la credibilidad de testimonios y adjudicar controversias. Tiene dos propósitos importantes. Primero, evita que un testigo, consciente o inconscientemente, varíe su testimonio para que coincida con el de otros. Esa conducta responde a diversas actitudes del ser humano. Muchos amoldan sus relatos y opiniones de modo que sean consistentes con las de otros. En algunos el recuerdo es influenciado por lo que escuchan. El comportamiento es bidireccional; cuando los testigos simpatizan con partes antagónicas, el efecto producido puede ser contrario. Los testigos exageran sus conflictos, inconsistencias y divergencias. Segundo, la experiencia acumulada por siglos refleja que separar a los testigos es una regla auxiliadora del juez y las partes en detectar cualquier error esencial o falsedad en sus relatos. [1]

---

[1] La Biblia nos describe cómo Daniel demostró la inocencia de Susana al separar a sus acusadores y exigirles que éstos describieran en qué lugar había ocurrido el supuesto adulterio que le imputaban. Daniel 13:36–64, *Sagrada Biblia*, 2da ed., Barcelona, Ed. Herder, 1964, págs. 1987–1988.

En su evolución histórica, la práctica de excluir o secuestrar testigos vino a ser recogida en el argot forense como "poner los testigos bajo las reglas del tribunal". La terminología parece haberse iniciado en los estados del sur de Estados Unidos. El vocablo "reglas" es el residuo del término usado en antaño en Inglaterra como sinónimo de "órdenes". 6 *Wigmore, Evidence* Sec. 1837 (Chadbourn rev. 1976). Con el tiempo se extendió hacia otras latitudes. (²)

El principio de exclusión de testigos es conocido desde hace tiempo en nuestro ordenamiento procesal. Al presente varios preceptos lo regulan. Así, la Regla 23.2 de Procedimiento Civil, en su inciso (e), permite que el tribunal ordene discrecionalmente "que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal". Con mayor especificidad, la Regla 43(E) de Evidencia expone las guías para la exclusión de testigos durante el juicio:

> (E) A requerimiento de parte o de su propia iniciativa, el juez podrá excluir de la sala en que se celebra el juicio o vista a cualquier testigo que en ese momento no estuviere declarando, a fin de evitar que el testigo escuche el testimonio de los demás; sin embargo, ninguna parte podrá ser así excluida si se trata de una persona natural o un oficial o em-

---

(²) En aquella época el procedimiento inglés contemplaba la exclusión de testigos aun desde antes que se estableciera el juicio por jurado. Se le atribuye un origen germánico. 6 *Wigmore, Evidence* Sec. 1837 (Chadbourn rev. 1976). El derecho hindú de Birmania la contemplaba. Íd., pág. 455 n. 2. Su observación perduró y con el tiempo tuvo acogida casi universal. Sir Walter Raleigh la invocó en su juicio en 1603. Íd., pág. 456 n. 5. Las provincias canadienses, Irlanda del Norte y Filipinas adoptaron leyes incorporándola. Alta. R. Ct. 247 (1973) (Alberta); Man. Q.B.R. 218 (1939) (Manitoba); Ont. R. Ct. 253 (1969) (Ontario); Sask. Rev. R. Ct. 282 (1942) (Saskatchewan); Stat. 1935, c. 13, Summary Jurisdiction sec. 45 (Irlanda del Norte); Phil. R. Ct. 119 sec. 14 (1964) (Filipinas).

En España, el Art. 704 de la Ley de Enjuiciamiento Criminal hizo mandatoria la exclusión de sala de los testigos. Reza así:

"Los testigos que hayan de declarar en el juicio oral permanecerán, hasta que sean llamados a prestar sus declaraciones, en un local a propósito, sin comunicación con los que ya hubiesen declarado ni con otra persona."

pleado de una parte que no sea persona natural y que representa a ésta en el caso.

Su lectura y origen sirven para detectar las dimensiones procesales y el verdadero espíritu que la anima. Veamos. Con dos modificaciones importantes, nuestra regla es sustancialmente una traducción de la Regla 615 de las de Evidencia federal. Ésta dispone:

Rule 615. *Exclusion of Witnesses.*

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

En estricta hermenéutica jurídica apreciamos que la Regla 43 (E) confiere discreción al tribunal para excluir o no de sala a los testigos. De ahí el lenguaje que reconoce expresamente el ejercicio de esa facultad *sua sponte,* o a requerimiento de parte. En cambio, la regla federal descarta el elemento de discreción e impone la exclusión mandatoriamente cuando la parte lo solicita.

El carácter discrecional(3) de la exclusión de testigos no es de reciente cuño. E. L. Chiesa, *Práctica Procesal Puertorriqueña,* San Juan, Pubs. J.T.S., Inc., 1985, Evidencia—

---

(3) El comentario a la Regla 43 de las de Evidencia, preparado por el Secretariado de la Conferencia Judicial, hace claro que la diferencia entre la regla federal y la puertorriqueña se debe precisamente al propósito de mantener en esta jurisdicción el carácter discrecional —y no mandatorio— de la exclusión de sala de los testigos en un proceso judicial.

Vol. I, Cap. VI, págs. 153, 178. La Ley de Evidencia de 1906, derogada por las reglas vigentes, así lo reconocía. (⁴)

Ahora bien, este ámbito discrecional no es ilimitado. Tanto nuestra Regla 43 (E) (⁵) como la 615 federal, por excepción disponen que ciertos testigos no pueden ser excluidos. En esta categoría se encuentra toda persona natural que es parte en el caso, o aquel oficial o empleado que represente a

---

(⁴) *"Exclusión de testigos de la sala del tribunal:*

"Si lo deseare alguna de las partes, el juez podrá excluir del tribunal cualquier testigo de la parte contraria que en aquel momento no estuviera sufriendo examen, a fin de que no escuche el testimonio de otros testigos; pero una de las partes en la acción o procedimiento no podrá ser excluida de este modo; y si una corporación fuere parte tendrá derecho a la presencia de uno de sus oficiales, que designará el abogado de la misma." Código Enj. Civil, 1933, Art. 512 (32 L.P.R.A. anterior sec. 2142).

(⁵) La Regla 43 (E) de las de Evidencia de Puerto Rico coincide en gran medida con las equivalentes adoptadas en Alaska, Delaware, Iowa, Michigan, Maine, Minnesota, Oregon y Washington. *Alaska Rules of Evidence*, Rule 615 (1979); *Del. Uniform Rules of Evidence*, Rule 615 (1980); *Iowa Rules of Evidence*, Rule 615 (1983); *Mich. Rules of Evidence*, Rule 615 (1978); *Me. Rev. Stat. Ann. Maine Rules of Evidence*, Rule 615 (Supp. 1978); *Minn. Stat. Ann. Evidence Rule*, Rule 615 (1979); *Ore. Evid. Code*, Rule 615 (1981); *Wash. Rules of Evidence*, Rule 615 (1979). En estos estados se le ha dado al juez la facultad discrecional de excluir de sala a los testigos, aun en aquellos casos en que las partes lo soliciten.

Otros dieciséis (16) estados han seguido la regla federal que hace mandatoria la exclusión de los testigos, a solicitud de parte, a saber: Arizona, Arkansas, Colorado, Hawaii, Montana, Nebraska, Nevada, Nuevo Méjico, Dakota del Norte, Ohio, Oklahoma, Texas, Utah, Vermont, Wisconsin y Wyoming. *Ariz. Rev. Stat. Ann., Rules of Evidence*, Rule 615 (1977); *Ark. Stat Ann. sec. 28-1001 Uniform Rules of Evidence*, Rule 615 (Noncum. Supp. 1976); *Colo. Rules of Evidence*, Rule 615 (1980); *Hawaii Rules of Evidence*, Rule 615 (1980); *Mont. Rev. Codes Ann. sec. 93-3002 Rules of Evidence*, Rule 615 (1977); *Neb. Rev. Stat. sec. 27-615* (Cum. Supp. 1978); *Nev. Rev. Stat. Tít.* 4, sec. 50.155 (1977); *N.M. Stat. Ann. Rules of Evidence*, Rule 615 (1978); *N.D. Rules of Evidence*, Rule 615 (1977); *Ohio Rules of Evidence*, Rule 615 (1980); *Okla. Stat. Ann.*, Tít. 12, sec. 2615 (West 1978); *Tex. Rules of Evidence*, Rule 615 (1983); *Utah Rules of Evidence*, Rule 615 (1983); *Vt. Rules of Evidence*, Rule 615 (1983); *Wis. Stat. Ann.* sec. 906-15 (West Cum. Supp. 1979); *Wyo. Rules of Evidence*, Rule 615 (1978). Además, las Reglas Uniformes de Evidencia y las Reglas Militares de Evidencia son idénticas a la regla federal. *Uniform Rules of Evidence*, Rule 615 (1974); *Exec. Order* No. 12198, 45 Fed. Reg. 16932, Rule 615 (1980).

una parte que no es persona natural. La regla federal adicionalmente exceptúa toda persona cuya presencia en sala sea esencial para la presentación de la causa. Al adoptarse nuestra regla se prescindió de este último lenguaje.

En conclusión, durante un juicio el tribunal puede excluir de sala a algunos testigos en el caso. Puede también negarse a excluirlos, según lo aconseje el ejercicio de su sana e informada discreción. Sin embargo, cuando se trate de una parte o de un representante de una parte que no es persona natural, el tribunal carece de discreción para excluirlos; simple y llanamente, no puede hacerlo.

## III

La conclusión expuesta es la clave y punto de partida para resolver el *status* del agente investigador en nuestra jurisdicción. Forzosamente tenemos que considerar sus antecedentes federales.

Al aprobar la Regla 615 federal, el Congreso hizo clara su intención de que se considerara como representante del Gobierno al agente investigador o policía que auxilia al fiscal en sala y que a la vez sirve como testigo de cargo. Una vez así designado, no puede ser excluido, pues le cobija el inciso (2) de la regla. Véanse *Notes of Committee on the Judiciary, Senate Report No. 93–1277*, y *Notes of Advisory Committee on Proposed Rules*, en Fed. Rules Evid. Rule 615, 28 U.S.C.A. (Historical Note).

Esa visión ha tenido eco en distintos foros federales y estatales. Se reconoce que el agente investigador principal que representa al Gobierno y testifica en el juicio no puede ser excluido. Le ampara el derecho a estar presente en sala. El tribunal no tiene discreción para excluirlo. *United States* v. *Brown*, 699 F.2d 585, 594 (1983); *United States* v. *Butera*, 677 F.2d 1376, 1381 (1982), *cert.* denegado 459 U.S. 1108 (1983); *United States* v. *Perry*, 643 F.2d 38, 53 (1981), *cert.* denegado sub. nom. *Dewees* v. *United States*, 454 U.S.

835 (1981); *United States* v. *Cueto,* 611 F.2d 1056, 1061 (1980); *United States* v. *Williams,* 604 F.2d 1102, 1115 (1979); *United States* v. *Nix,* 601 F.2d 214, 215 (1979), cert. denegado 444 U.S. 937 (1979); *United States* v. *Holmes,* 594 F.2d 1167, 1172–1173 (1979), cert. denegado 444 U.S. 873 (1979); *United States* v. *Bobo,* 586 F.2d 355, 366 (1978), cert. denegado sub. nom. *Rowan* v. *United States,* 440 U.S. 976 (1979), reconsideración denegada 441 U.S. 957 (1979); *In re United States,* 584 F.2d 666, 667 (1978); *United States* v. *Mendoza,* 574 F.2d 1373, 1382 n. 8 (1978), cert. denegado 439 U.S. 988 (1978); *United States* v. *Boyer,* 574 F.2d 950, 955 (1978), cert. denegado 439 U.S. 967 (1978); *United States* v. *Auten,* 570 F.2d 1284, 1285 (1978), cert. denegado 439 U.S. 899 (1978); *People* v. *Cheeks,* 682 P.2d 484, 485–486 (Colo. 1984); *State* v. *Chavez,* 676 P.2d 257, 259 (N.M.App. 1983).

Por el contrario, con reglas similares a la 43 (E) nuestra, se ha sostenido que el magistrado conserva discreción para excluir de sala al agente investigador principal que servirá como testigo. *United States* v. *Parodi,* 703 F.2d 768, 773–774 (1983); *United States* v. *Jones,* 687 F.2d 1265, 1268 (1982); *United States* v. *Alvarado,* 647 F.2d 537, 540 (1981); *United States* v. *Shearer,* 606 F.2d 819, 821 (1979); *United States* v. *Woody,* 588 F.2d 1212, 1213 (1978), cert. denegado 440 U.S. 928 (1979); *United States* v. *Thor,* 512 F.2d 811, 813 (1975), cert. denegado 423 U.S. 1014 (1975); *United States ex rel. Jacques* v. *Hilton,* 423 F. Supp. 895 (1976); *Dunn* v. *State,* 653 P.2d 1071, 1986–1087 (Alaska App. 1982); *Gustafson* v. *State,* 590 S.W.2d 853, 857 (1979).

Igual orientación se siguió en California hasta el año 1965. Véanse *People* v. *Chapman,* 209 P.2d 121 (1949), y *People* v. *Duckett,* 26 Cal. Reptr. 926 (1963). Este último caso fue resuelto bajo las secs. 867 y 868 del Código Penal de California, que si bien permitían al agente investigador principal testigo del Pueblo permanecer en sala, conferían al juez

discreción para excluirlo. Esa autoridad desapareció en 1965 cuando se aprobó la sec. 777 del Código de Evidencia de California que reza:

> *Exclusion of witness.* (a) Subject to subdivisions (b) and (c), the court may exclude from the courtroom any witness not at the time under examination so that such witness cannot hear the testimony of other witness.
>
> (b) A party to the action cannot be excluded under this section.
>
> (c) If a person other than a natural person is a party to the action, an officer or employee designated by its attorney is entitled to be present.

Esta sección precisamente sirvió de modelo e inspiración para la regla federal actual y la nuestra, equivalentes. Como puede apreciarse, la misma mantiene la discreción del juez para excluir testigos de sala, *excepto* cuando éste es un representante de una persona jurídica. En esa circunstancia, éste tiene derecho (*is entitled*) a estar presente. Es bajo esa disposición específica, concordante con nuestra regla, que procede la solución justiciera del caso. ([6])

La línea de pensamiento que sigue la mayoría rechaza la tesis de que el agente investigador principal que funge como testigo tenga derecho a permanecer en sala. Acepta que puede estarlo si el juez lo permite. La cuestión ha sido objeto de amplio debate. Nuestra conclusión es que tal enfoque aborda someramente el tema y contradice el texto claro de la regla evidenciaria. No nos persuade esa interpretación restrictiva. *E.g., People* v. *Cheeks,* supra, pág. 486 n. 4. Nos inclinamos a

---

([6]) En cuanto a California respecta, bajo la norma vigente, nuestra investigación no revela jurisprudencia que aborde directamente el punto que tenemos ante nuestra consideración. Solamente hemos hallado un caso, de carácter civil, que curiosamente coincide con nuestra posición y niega autoridad al magistrado para excluir de sala al agente investigador representante del Estado. *People ex rel. Curtis* v. *Peters,* 192 Cal. Rptr. 70, 73 (App. 1983). En buena metodología adjudicativa, resulta irrelevante cualquier discusión de la doctrina californiana máxime cuando ésta se fundamenta en una norma ya abandonada por la ley del estado.

favorecer la interpretación de los tribunales y tratadistas en el sentido de que la regla no autoriza al juez a remover de sala al agente investigador principal y testigo. Esta interpretación es cónsona con el texto y espíritu de la regla. 3 *Weinstein's Evidence* Sec. 615[02], págs. 615-8 y 615-9 (1985).[7]

---

[7] La interpretación acertada de la Regla 615 federal hecha por el Juez Presidente Weinstein en su libro destruye la interpretación que del borrador de la regla hiciera un estudiante de Derecho en Comentario, *Witnesses Under Article VI of the Proposed Federal Rules of Evidence*, 15 Wayne L. Rev. 1236–1249 (1969). Éste colocó bajo el inciso (3) de la regla federal la excepción de ser excluido de sala que tiene el agente investigador principal que sirve como testigo en el juicio. En ese sentido, decidir si la presencia del agente es esencial para la presentación del caso del Ministerio Público es asunto sujeto a la discreción del juez que preside el proceso. Sin embargo, entiende Weinstein, y así se reconoce unánimemente, que la excepción que cobija al agente investigador es la contenida en el inciso (2) de la regla federal, y no la dispuesta en el inciso (3). Como puede notarse, nuestra Regla 43(E) no incluye el inciso (3) de su contraparte federal.

La razón por la que el agente investigador está cobijado bajo el inciso (2) de la regla, y no bajo el inciso (3) es una muy lógica y razonada que fue contemplada por el Comité de lo Jurídico del Senado:

"The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential. Furthermore, it could be dangerous to use the agent as a witness as early in the case as possible, so that he might then help counsel as a nonwitness, since the agent's testimony could be needed in rebuttal. Using another, nonwitness agent from the same investigative agency would not generally meet government counsel's needs.

"This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney'. It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule." *Notes of Committee on the Judiciary, Senate Report No. 93–1277*, Fed. Rules Evid. Rule 615, 28 U.S.C.A. (Historical Note).

Al no estar contemplados estos casos por el inciso (3) de la regla federal, no les es de aplicación la norma de exclusión de testigos que no son representantes de una parte que no es persona natural. En esos casos se requiere que el que solicite que no se excluya de sala al testigo, demuestre que su presencia es esencial. *Government of Virgin Islands* v. *Edinborough*, 625 F.2d 472, 474–476 (1980).

Su razón de ser es evidente. La regla inequívocamente equipara al Ministerio Fiscal con el abogado defensor. Representa un balance lógico y racional. Con leves variantes, existe una equivalencia funcional entre un agente investigador y un oficial representante de una persona jurídica. De la misma forma que el abogado defensor tiene al acusado presente para consultarle, el fiscal tiene a su disposición al investigador principal del caso. Un comentario en una obra jurídica contemporánea compendia adecuadamente la problemática y dinámica conceptual subyacente de este enfoque:

Si se trata de una persona jurídica o abstracta, la parte debe tener derecho a algún tipo de representación —aparte de su abogado— para que esté presente. La importancia de esto se nota más cuando el gobierno es la parte. El abogado del gobierno necesita del asesoramiento del agente o representante del gobierno que ha bregado con el caso. Se ha reconocido que un policía puede estar presente en sala si ha estado a cargo de la investigación del caso, a pesar de que será testigo del Pueblo. *United States* v. *Infanzón*, 235 F.2d 318 (1956). De la misma manera que el acusado está siempre presente para consultar a, o ser consultado por, su abogado, el ministerio público podría necesitar la presencia del agente o representante del Pueblo. Chiesa, *op. cit.*, pág. 178.

La regla cobija al agente investigador principal, es decir, aquel que realmente tomó parte activa y destacada en la investigación del caso. ¿Puede seriamente negarse la realidad de que el agente principal que investigó conoce, en sus aspectos esenciales, las versiones de los testigos del caso? Sostenemos que no. Lo lógico es presumir que tiene conocimiento general e información concreta de esas declaraciones. Ello es parte del descargo de sus funciones. H. Gross, *Criminal Investigation*, 5ta ed., Toronto, Carswell Co. L.T.D., 1962, págs. 27–28 y ss. Resultaría extraño e insólito que un agente investigador estuviera ignorante del contenido esencial de esa prueba. Esta realidad minimiza en cierto modo el riesgo inherente que representa su presencia en sala, a la par que

abona a la justificación de la excepción. Es él quien por tal razón se encuentra en una posición privilegiada de ayudar al fiscal durante el juicio. Corresponderá al Ministerio Fiscal, en ocasión de anunciarse la exclusión de sala de los testigos, invocar ese derecho e informar al juez su intención de que el agente investigador principal permanezca en el recinto judicial. Ello significará que el fiscal, desde ese momento, está designándolo como representante del Pueblo en el proceso. Véase *United States* v. *Cueto*, supra, pág. 1061.

No se nos escapan los pronunciamientos esbozados en la opinión mayoritaria que, por vía de *dictum*, aparenta sugerir que la presencia del agente investigador en sala vulnera los derechos de juicio justo y de careo, y por ende el debido proceso de ley. El análisis es errado. Primero: "Todo texto debe interpretarse a la luz de las realidades específicas de la sociedad en que opera." *Pueblo* v. *Batista Montañez*, 113 D.P.R. 307, 313 (1982). Esta sabia norma de hermenéutica rechaza toda interpretación abstracta y que se da en el vacío. No debemos especular innecesariamente sobre las garantías constitucionales en causas penales. Hace tiempo superamos el dogma rígido e infundado de que la sociedad no tiene derechos en el procedimiento criminal. "No son sólo los derechos del acusado los que se ventilan: son los derechos de la sociedad entera. . . . [E]s el deber de la corte velar porque el combate judicial se entable, conduzca y decida en lo posible sin presión, sin ventajas, sin desigualdades, con absoluta justicia para ambas partes." *Pueblo* v. *Arrocho*, 33 D.P.R. 657, 672–673 (1924).

Segundo, el enfoque constitucional adolece de una seria falla. ¿Cómo sugerir que la presencia del agente investigador en sala es inconstitucional cuando la regla mandatoria así lo dispone, mas no cuando el juez discrecionalmente lo permite? ¿Acaso no está presente en sala el agente en ambas situaciones?

El marco conceptual decisorio que verdaderamente proyecta en lo jurídico y moral el caso ante nos es el reclamo del Ministerio Fiscal a su derecho a tramitar su acción tan diligente y eficazmente como la defensa. Distinto a la mayoría, nuestra posición no concede ventajas. Tampoco recortan derechos al imputado. Subsisten todos, inclusive los de confrontar los testigos de cargo y a tener un juicio justo. Simplemente reconoce que el Pueblo es acreedor a que su representante legal esté auxiliado durante el proceso, por el agente más capacitado y familiarizado con la investigación tal y como lo está el abogado del acusado. ¿Cómo negar esa equivalencia procesal? ¿Puede válidamente sostenerse que esa igualdad de condiciones viola el debido proceso de ley? No. "Los intereses de la justicia no son, exclusivamente, los del Pueblo, o los del acusado: son los de la sociedad toda interesada en que lo justo triunfe sobre lo injusto." *Pueblo* v. *Guzmán Camacho*, 116 D.P.R. 34, 35 (1984), citando a *Pueblo* v. *Arenas*, 39 D.P.R. 16, 18 (1929).

## IV

Establecido el derecho del Ministerio Fiscal a estar asistido por el agente investigador, encontramos que no existe unanimidad entre los foros federales apelativos acerca de cuántos agentes investigadores están cobijados por la excepción. En *United States* v. *Causey*, 609 F.2d 777, 778 (1980), originalmente el 5to Circuito intimó que la regla se refiere solamente a un agente, pero no decidió la cuestión. Sin embargo, al año siguiente, en *United States* v. *Alvarado*, supra, pág. 540, resolvió que la excepción de la regla puede amparar a dos agentes. Más recientemente, el 4to Circuito hizo aplicable la excepción al agente investigador principal. *United States* v. *Parodi*, supra, pág. 773. No hubo pronunciamiento sobre si cubría a más de uno. [8]

---

[8] En casos civiles en que la excepción de la regla se extiende al representante de la corporación, se ha dicho expresamente que sólo uno puede

Uno de los argumentos más sólidos de que la regla cubre a más de un agente investigador principal lo ofrece el Juez Presidente Weinstein:

> Given the liberality of joinder rules, it may be impossible to find one person within the structure of a large entity who has all the information needed to assist the attorney, and the court should allow some flexibility in designation consistent with the objectives of the rule. Unnecessary exclusions of one of a number of representatives may slow down the trial by requiring continuances so an attorney can consult with persons outside the courtroom. There must be wide discretion in the trial judge to allow multiple representatives. Weinstein, *op. cit.*, pág. 615-9.

En principio coincidimos con esta línea de pensamiento. No debemos circunscribir la norma, a priori, a un solo agente. Sin embargo, en los términos en que está redactada nuestra Regla 43 (E) no podemos detectar que la presencia de más de un agente investigador en sala sea un derecho que le asiste, como parte, al Estado. Como excepción al principio general de exclusión de testigos, la regla reconoce a uno solo. En consecuencia, la determinación de permitir un agente investigador adicional durante el proceso es una que debe descansar en el sano ejercicio de la discreción judicial en atención a las peculiaridades y complejidades del caso y sólo debe admitirse ante reclamos justificados y condiciones procesales apremiantes.

En el ámbito de los derechos del acusado, cualquier posible impacto negativo de la presencia de uno o dos agentes en sala puede ser subsanado. Los tribunales están facultados a adoptar las medidas necesarias para evitar que éstos acomoden su testimonio al de otros testigos y abusen así del derecho que la regla les confiere. El juez, por ejemplo, puede instruir al ju-

---

beneficiarse. *Oliver B. Cannon and Son* v. *Fidelity and Cas. Co.*, 519 F. Supp. 668, 679 (1981). El tribunal, empero, se basó en el caso de *United States* v. *Causey*, 609 F.2d 777 (1980), sin tomar en cuenta lo dicho posteriormente en el caso de *United States* v. *Alvarado*, 647 F.2d 537 (1981).

rado, en aquellos casos en que este cuerpo juzgador haya sido constituido, que considere al evaluar la credibilidad del testigo-agente que éste ha oído el testimonio de todos los demás testigos.

También está disponible la alternativa seguida por algunos tribunales de condicionar la aplicación de la excepción a que el agente investigador sea el primero en testificar. *E.g.*, *In re United States*, supra, pág. 667; *United States* v. *Frazier*, 417 F.2d 1138, 1139 (1969), *cert.* denegado 397 U.S. 1013 (1970), reconsideración denegada 398 U.S. 945 (1970). Aun así, otros tribunales y jueces han criticado ese enfoque. *E.g.*, *United States* v. *Parodi*, supra, pág. 774; *In re United States*, supra, págs. 667–668 (opinión concurrente y disidente del Juez Fay).

Nuevamente el Juez Presidente Weinstein nos ilustra sobre la deseabilidad de adoptar medidas para salvaguardar la integridad y pureza del proceso:

> There has been some disagreement about the interrelationship of Rules 611 [en Puerto Rico, la Regla 43(C) de las de Evidencia] and 615. In *In re United States* all members of the panel concurred in finding error by the trial judge in excluding an agent who had been designated as the government's representative. According to the majority, the trial court, although it could not exclude, would have had the power pursuant to Rule 611 to order the agent to testify at an early stage of the trial, though the judges conceded that the agent could not have been barred from giving subsequent, additional or rebuttal testimony. The concurring judge argued that nothing in Rule 611 allows the absolute right accorded by Rule 615 to be compromised by requiring a designated representative to testify at a given time. The concurring opinion clearly seems wrong: it would make as much sense to find that Rule 615 lifts the Rule 611 prohibition of leading questions on direct examination.
>
> In most instances, the court will not interfere with the parties' choice of the order in which evidence will be introduced. . . . If the defendant wished the representative to testify "early on in the government's case, he ha[s] the respon-

sibility of bringing that wish to the attention of the trial court." The trial judge may induce a party to keep a prospective witness-representative out of the courtroom before he testifies or to call him earlier by indicating that it will remind that jury that it can consider the fact that the witness has heard what others said in assessing his credibility. (Escolios omitidos.) Weinstein, *op. cit.*, págs. 615-9 y 615-10.

En esa misión "[e]l juez que preside un juicio o vista tendrá control y amplia discreción sobre el modo en que la evidencia es presentada y los testigos son interrogados con miras a que la evidencia sea presentada en la forma más efectiva posible para el esclarecimiento de la verdad, velando por la mayor rapidez de los procedimientos y evitando dilaciones innecesarias". Regla 43 (C), *supra.*

## V

La exposición doctrinaria en cuanto a la exclusión de sala durante el juicio de los agentes investigadores principales designados representantes del Estado, en sana y lógica administración de justicia se extiende a la etapa de la vista preliminar. Tal extensión no desnaturaliza ni es incompatible con los propósitos limitados que persigue la vista preliminar. (⁹) De igual modo, una vez concretada la equivalencia conceptual entre los imputados y sus abogados, *vis-à-vis*, los agentes investigadores principales que asisten al fiscal, el balance procesal resultante no vulnera el carácter privado de la vista preliminar. Regla 23 (C) de Procedimiento Criminal.

---

(⁹) Al igual que en *Pueblo* v. *Esteves Rosado,* 110 D.P.R. 334, 336 (1980), no es menester resolver la estricta aplicabilidad de las Reglas de Evidencia a la vista preliminar. Sabios principios de abstención en la adjudicación judicial justifican no entrar en ello. Véase *Municipio* v. *Ríos,* 61 D.P.R. 102, 114 (1942). Meramente resolvemos, parafraseando a *Pueblo* v. *Esteves,* supra, que no tendría sentido que los representantes del Estado, una de las partes principales en el procedimiento, pudieran permanecer en sala durante todo el juicio en su fondo, y no en una vista anterior en la que se determinará expresamente si hay causa probable que justifique celebrar ese juicio.

En el caso de autos, el pedido del Fiscal Soto de que los agentes Pérez Ginorio y Vargas Aponte no fueran excluidos, constituyó suficiente designación como representantes del Estado. Erró el foro de instancia al excluirlos, pues al menos debió permitir la presencia de uno de ellos en tal capacidad.

Por los fundamentos expuestos, debió revocarse la resolución recurrida.

—O—

Voto particular emitido por el Juez Asociado Señor Hernández Denton.

He expresado mi conformidad con la opinión del Tribunal por coincidir en la interpretación que se le ha dado a la Regla 43(E) de Evidencia. No obstante, entiendo necesario efectuar unos pronunciamientos adicionales.

El principio y la práctica de excluir o secuestrar a testigos de la sala durante un juicio es un instrumento importante para garantizar un juicio justo en un sistema adversativo. Constituye un mecanismo preventivo para evitar que un testigo escuche el testimonio de los demás y ajuste el suyo para que sea consistente. Evita que un testigo esté presente durante el juicio y prepare mejor su testimonio después de conocer la estrategia de la otra parte, sus debilidades y fortalezas. 6 *Wigmore, Evidence* Sec. 1838, págs. 461–466 (1976).

Nuestras Reglas de Evidencia incorporan este valioso instrumento preventivo en el inciso (E) de la Regla 43. Esta disposición otorga discreción al juez para excluir de la sala a cualquier testigo que no estuviere declarando con el propósito de evitar que escuche los otros testimonios:

A requerimiento de parte o de su propia iniciativa, el juez podrá excluir de la sala en que se celebra el juicio o vista a cualquier testigo que en ese momento no estuviere declarando, a fin de evitar que el testigo escuche el testimonio de los demás; sin embargo, ninguna parte podrá ser así excluida si se trata de una persona natural o un oficial o empleado

de una parte que no sea persona natural y que representa a ésta en el caso.

Como parte de la anterior facultad discrecional del juez, se puede ordenar la exclusión de cualquier testigo, inclusive el agente investigador, con la excepción que contempla la propia regla.

Del historial legislativo de la Regla 43(E) no surge que existiese intención alguna a los efectos de que el agente investigador, como representante designado del Estado, siempre sería excusado de la exclusión de sala. Antes de entrar en vigor las Reglas de Evidencia de 1979, el Código de Enjuiciamiento Civil otorgaba amplia discreción al juez para determinar si se excluía de la sala al agente investigador que iba a testificar,(1) 32 L.P.R.A. anterior sec. 2142.

En *Pueblo* v. *Gerardino*, 37 D.P.R. 185, 194 (1927), expresamos que "[e]staba en la discreción de la corte acceder de conformidad a la moción del fiscal" de que un testigo permaneciera en sala a su lado para ilustrarlo durante el juicio y que declarara posteriormente:

> Una corte al excluir testigos tiene discreción especialmente para que la orden se refiera a uno o más testigos, o para negarse a hacerlo así. Por ejemplo, la corte puede hacer excepción de cualquier persona que pueda ayudar al fiscal en la dirección de la prueba. La corte también puede excluir al alguacil del condado o a un jefe de policía cuando éstos son testigos. Ibíd., pág. 195.

No surge que al momento de adoptarse las Reglas en el año 1979 existiese preocupación o problema alguno con tal normativa de manera que se justificase que la misma fuese

---

(1) El mismo disponía que:

"Si lo deseare alguna de las partes, el juez podrá excluir del tribunal cualquier testigo de la parte contraria que en aquel momento no estuviera sufriendo examen, a fin de que no escuche el testimonio de otros testigos; pero una de las partes en la acción o procedimiento no podrá ser excluida de este modo; y si una corporación fuere parte tendrá derecho a la presencia de uno de sus oficiales, que designará el abogado de la misma."

variada. Tampoco se nos ha demostrado ni alegado que hasta el día de hoy, el Ministerio Fiscal esté confrontando serios problemas para lograr que se exceptúe el agente investigador de la exclusión de sala cuando tenga necesidad de ello y así lo solicite al tribunal. La Regla 43 (E) no pretendió considerar al agente investigador como "un oficial o empleado de una parte que no sea persona natural y que representa a ésta en el caso" con derecho a no ser excluido de sala.

Sólo en aquellos casos en que el fiscal convenza al tribunal, se debe permitir la presencia del agente investigador en sala. Para ello, el fiscal deberá demostrar que su presencia en sala es necesaria, y de permitirse la misma, el tribunal deberá tomar las medidas necesarias para salvaguardar los derechos del acusado de cualquier lesión. Salvo demostración de un claro abuso de discreción, el dictamen del tribunal que deniega la solicitud del Ministerio Fiscal no debe ser revocado.

Si el Estado interesa la presencia de más de un agente investigador también debe convencer al tribunal que en el ámbito de su discreción lo permita. Ésta debe ser la excepción y no la norma. Solamente en casos muy complejos y bajo circunstancias excepcionales se debe permitir la presencia de más de un agente investigador. El tribunal de instancia debe ejercer su discreción con sumo cuidado después de una audiencia especial para examinar las justificaciones del Ministerio Público. La presencia de más de un agente puede proyectar en el juzgador una idea equivocada sobre la naturaleza y la complejidad del delito o la peligrosidad del acusado.

Finalmente, en aquellos casos en que el tribunal permita la presencia de uno o más agentes investigadores, se deben tomar las siguientes medidas adicionales para garantizar un juicio justo y reducir el impacto negativo del número de agentes:

a. Siempre que el agente investigador vaya a permanecer en sala, deberá ser el primero en declarar, a menos que el fiscal demuestre que de así hacerse se vería afectada se-

riamente la continuidad y coherencia del caso del Pueblo. *United States* v. *Frazier*, 417 F.2d 1138 (1969) ; *United States* v. *Escobedo*, 430 F.2d 603 (1970) ; *In re United States*, 584 F.2d 666 (1978).

b. Cuando se dictaminare, según los criterios antes expuestos, que el agente investigador no debe ser el primero en declarar, antes de éste comenzar a testificar, el tribunal instruirá al jurado a los efectos de que el testigo ha escuchado previamente toda la prueba mientras se encontraba presente en sala. Tal instrucción ha de repetírsele al jurado al momento de irse a deliberar.

c. Cuando sean más de uno los agentes investigadores principales, los cuales hayan tenido igual participación en el caso y que se encuentren en igualdad de condiciones, la designación de la representación del Estado ha de recaer sobre el agente, si alguno, que no vaya a testificar.

d. Salvo en circunstancias extremas, un agente encubierto no habrá de ser permitido en sala durante el juicio. En tales casos, será su supervisor el llamado a permanecer en sala para asistir al fiscal.

Las anteriores recomendaciones no constituyen una lista exhaustiva de medidas protectoras a tomarse. Los tribunales, en el ejercicio de su sana discreción, deberán tomar cualesquiera otras medidas que consideren necesarias para salvaguardar los derechos de los acusados.

Finalmente, la Regla 43 (E) dispone que el "oficial o empleado" de la parte que no sea persona natural debe representar a ésta en el caso. Contrario a la Regla 615 federal y a la 777 de California que requieren que el representante de la parte que no sea persona natural sea designado como su representante por el abogado, en Puerto Rico la Regla 43 (E) no preceptuó quién hará la designación. Entiendo que debe ser el Ministerio Público que desde el comienzo del juicio haga la designación del agente investigador a cargo del caso.